VANBLARICUM *v.* THE STATE.

May Term,
1844.

In estimating the amount of damages for land taken in constructing the Central canal, the value of the land *at the time it was taken*, and how much the complainant's land adjoining that taken had, *at the same time*, been increased in value by the location of the canal, should be taken into consideration.

And, also, in ascertaining the amount of such damages, either party may show how the canal was progressing when the land was taken, and what appropriations of money had then been made for the completion of the canal.

VANBLARICUM
*v.*
THE STATE.

7b 209
143 152

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—A petition was filed by *Vanblaricum*, before the board of internal improvement, for damages to his land occasioned by the Central canal. The appraisers decided against the claim, and the complainant appealed to the Circuit Court. Verdict and judgment for the state.

*Monday,*
*July 15.*

The Court instructed the jury, *inter alia*, as follows : ' In estimating the complainant's damages, the jury should take into consideration all the advantages and disadvantages resulting to him from the canal, as to all his real property in the vicinity of the canal.

This instruction ought not to have been given. In estimating the complainant's damages, the jury were to ascertain the value of his land, taken for the canal, at the time it was taken. They were also to ascertain how much the complainant's land adjoining that taken, had, at the same time, been increased in value by the location of the canal, and to render their verdict accordingly. That the statutory provision, that in the assessment of damages in such cases as the present, the benefits resulting to the complainant from the construction of the work occasioning the injury shall be taken into consideration, is constitutional, was decided in *M'Intire* v. *The State*, 5 Blackf. 384 ; and that the inquiry as to the enhanced value of the complainant's land must be only of such of his land as adjoins that taken for the canal, was settled in *The State* v. *Digby*, *Id.* 543. It was decided in *Parks* v. *The City of Boston*, 15 Pick. 198, that the value of the land taken in such case, should be fixed at what it was worth at the time of the taking ; and that doctrine is recognized in *M'Intire* v. *The State*, *supra.* According to these authorities,

the instruction was wrong, because it was not the enhanced value of all the complainant's land in the vicinity of the canal, but only of that adjoining the land taken, that was to be considered in estimating the damages, and because the inquiry respecting the injury and benefits of the complainant, should be confined to the time when the land was taken.

It may be proper to observe with a view to a future trial of the cause, and as the subject is presented by one of the bills of exception, that either party may show how the canal was progressing at the time the complainant's land was taken, and what appropriations of money had then been made for the completion of the canal. Such inquiries may assist the jury in ascertaining the value of the land when it was taken, and the effect of the canal, at that time, in increasing the value of the adjoining land of the complainant.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*H. Brown*, for the plaintiff.

*A. A. Hammond*, for the state.