Nov. Term, 1856.

INDIANA CENTRAL RAILROAD CO. v. HUNTER.

---

INDIANA CENTRAL RAILROAD COMPANY *v.* HUNTER.

Suit against a railroad company for entering upon and constructing their road through the plaintiff's land. The complaint particularly alleges the nature and locality of the injury to be, the running di-

agonally through the land, occupying about seven acres of it, and excavating and heaping up dirt upon it. On the trial, the plaintiffs were permitted to prove the cost of fencing the road through their land, and the amount of injury done to a crop of wheat growing thereon, by the construction of the road. *Held*, that this evidence should have been excluded, because the damages proved did not result from the injuries specified in the complaint, nor from any thing necessarily incident to them.

In a suit against a railroad company for injury to land, the defendant will not be permitted to prove the value of the land at the time of 'trial. The value of the land, if referred to at all, to determine the benefits conferred upon the owner by the construction of the work, should be estimated at the time of such construction.

In the present case, the defendant asked the following instruction, whih the Court refused: "In ascertaining the extent of the injury to the plaintiffs, an estimate of the value of the property taken, at the time of the taking, is a necessary step; but,.if the benefits resulting to the plaintiffs, by the construction of the railroad, equal in pecuniary value the value of the property taken by the defendant, it is a just and legal compensation for the property so taken." *Held*, that the instruction should have been given.

Nov. Term,
**1856.**

INDIANA CENTRAL RAILROAD Co.
v.
HUNTER.

APPEAL from the *Marion* Circuit Court.

GOOKINS, J.—*Matthew R. Hunter*, and other heirs of *John Hunter*, deceased, filed their complaint before a justice of the peace, setting forth that they had been injured by said company, by an entry upon, and location of their railroad track through, the plaintiffs' lands. The complaint proceeds: "They particularly set forth the nature and locality of the injury to be as follows: the track of said railroad enters upon said land from the east, about six rods from the north line thereof, and passes diagonally through said land, occupying, as the complainants allege, about seven acres of said tracts of land. Said railway company have made excavations in said land of from three to five feet, throwing the dirt upon said land, in places, from five to six feet in height, and it still remains upon said land in that condition." They prayed the appointment of appraisers, &c. Appraisers were appointed, who assessed the plaintiffs' damages at 400 dollars, for which the justice gave judgment. The company appealed to the *Marion* Circuit Court, where there was a trial by jury, verdict for the

*Tuesday,
November 25.*

Nov. Term,
1856.

INDIANA CEN-
TRAL RAIL-
ROAD Co.
v.
HUNTER.

plaintiffs for 350 dollars, motion for a new trial over-
ruled, and judgment.

On the trial the plaintiffs were permitted, against the
objection of the defendants, to prove the cost of fencing
the road through their land, and the amount of injury
done to a crop of wheat growing thereon, by the construc-
tion of the road. We think this was error. The statute
under which the proceeding was had, requires that the
complaint shall particularly set forth the nature and lo-
cality of the injury complained of. Local Laws 1849,
p. 92. The complaint follows the statute, in this par-
ticular, and is very specific in its allegations. In the
case of the *Martinsville and Franklin Railroad Company*
v. *Bridges*, 6 Ind. R. 400, it was decided that, in assess-
ing damages, those necessarily resulting from the acts
specified in the complaint might be proved. We re-
garded that case, at the time, as going to the full limit
that was admissible, in dispensing with a statement of
the particulars of the injury done. The evidence should
have been excluded, because the damages proved did
not result from the injuries specified in the complaint,
nor from any thing necessarily incident to them.

The defendants offered to prove on the trial, the
value of the plaintiffs' land at that time. On the plain-
tiffs' objection this testimony was excluded. The ap-
pellants inform us, that their object in offering this
proof was, to ascertain the increase in value of the
land, since the location of the road some eighteen
months before, and thereupon show that such rise in
value resulted from the construction of the road; and there-
by enable the jury trying the cause, to take such result-
ing benefits into consideration in making up their ver-
dict. The appellants pursuing the argument say, "It
is impossible to take into consideration benefits result-
ing from the construction of any work of improvement,
without at once letting the mind lay hold on the pro-
spective benefits and advantages which may naturally
result from such improvement. It would be a hair-
splitting operation, and such an one as no juror could

ever perform, to the satisfaction of his own conscience, to be sworn as a juror in such a case as the present, to take into consideration the benefits resulting to the complainants, by the construction of the road, according to the best of his judgment, and upon actual trial and computation of the supposed damages, make up his verdict, and not be permitted to take into consideration the prospective benefits naturally resulting to the plaintiffs by the construction of the road."

Nov. Term, 1856.

INDIANA CENTRAL RAILROAD CO.
v.
HUNTER.

We are not insensible to the difficulty of arriving at the real benefits conferred upon the owner of contiguous land by the construction of a public work through it; but we are not convinced that the rule contended for by the appellants would be more certain, or more just, than that adopted by the Court. It was proved that the land was about three miles distant from the city of *Indianapolis*, the rapid growth of which, and other public improvements, it was proved, and we well know, must have had an influence in enhancing its value. Considering these circumstances, we think the jury would not have been aided in arriving at the merits of the case by the proof offered. Nor do we think the rule contended for just, if practicable. The plaintiffs, in seeking compensation were limited to the value of the land when taken. *Vanblaricum* v. *The State*, 7 Blackf. 209. At the time of the trial it may have doubled in value, and that, in part, from causes other than the construction of the road. Of this increase they could claim no benefit. This cause will be remanded for another trial, when three years more will have elapsed, with probably a much greater increase in value. We do not see but the rule contended for would be as just then as on the former trial. If there be a line of distinction as to time, we do not know where it is. Amid all these uncertainties, there is one rule that should apply to both parties. The value of the land, if referred to at all, to determine the benefits conferred, should be estimated at the time of the construction of the work. This rule has the merits of simplicity, and

Nov. Term,
1856.

INDIANA CEN-
TRAL RAIL-
ROAD CO.
v.
HUNTER.

equity, and as high a degree of certainty as the subject is · capable of. The location of an important public work, and the commencement of active operations upon it, with a prospect of completion, immediately impart to lands an enhanced value along its .line. The proof of increased value at. that time, is as far as the party ought to be permitted to go, in setting off benefits conferred against injuries done.

The following instruction was prayed by the defendants, which the Court refused to give: "In ascertaining the extent of the injury to the plaintiffs, an estimate of the value of the property taken, at the time of the taking, is a necessary step; but, if the benefits resulting to the plaintiffs, by the construction of the railroad, equal in pecuniary value the value of the property taken by the defendants, it is a just and legal compensation for the property so taken."

The question here presented involves an inquiry into the principles upon which a sovereign state may exercise the right of eminent domain, or confer that right upon others. The *Indiana Central Railway Company* was chartered under the constitution of 1816; but the power conferred by that instrument of-taking private property for public use, is not essentially different from that contained in the constitution of 1851, so far as relates to the measure of compensation. In the latter it is as follows: "No man's property shall be taken by law, without just compensation; nor, except in case of the State, without compensation first assessed and tendered." Const. art. 1, s. 21. The leading case which arose in this State under the old constitution was that of *M'-Intire* v. *The State*, 5 Blackf. 384. It was there held that a law providing that the benefits resulting to the owner, from a public improvement should be set off against the damages sustained by taking his property, was valid. The doctrine of that case has been followed in various others since decided. It had become the settled law of the State, at the time of the adoption of the present constitution; and had the provision been

silently incorporated, in its present form, into that instrument, it would have carried with it a strong inference that such was to be considered its settled judicial construction. But instead of this, while the bill of rights was pending, an attempt was made to change the section by providing that in estimating the damages for property taken for public use, the benefits conferred upon the owner by the construction of the work should not be taken into consideration. The proposition was very fully discussed, and in the discussion, reference was frequently made to the construction which had been put by this Court upon the corresponding provision of the old constitution. The proposition was rejected by a decisive vote, and the section adopted as it stood before, in this particular. See Debates in the Convention, vol 1, pp. 361-392. With this authoritative exposition of the meaning of the provision by its authors, we cannot hesitate upon the question of its construction. We are of the opinion that the instruction should have been given.

*Per Curiam.*—The judgment is reversed at the cost of the appellee. Cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

*H. C. Newcomb* and *J. W. Harvey,* for the appellant.
*W. Wallace* and *R. L. Walpole,* for the appellee.