*J. S. Scobey*, for appellants.

---

## THE CITY OF LOGANSPORT *v.* WRIGHT.

CITIES.—In an action where a city is a party it will be presumed, nothing appearing to the contrary, that it is incorporated under the general law for the incorporation of cities.

The City of Logansport *v.* Wright.

PLEADING.—PUBLIC STATUTE.—Where a duty is imposed by the provisions of a public statute, the pleader is only bound to allege the facts which bring the case within the law.

CITIES.—POWERS.—Where a public body or officer is clothed by statute with power to do an act which concerns the public interest, or the rights of third parties, the execution of the power may be insisted on as a duty, though the statute be only permissive in its terms.

SAME.—LIABILITY FOR MINISTERIAL ACTS.—An ordinance of a municipal corporation directing the construction of a work within the general scope of its powers is a judicial act, for which the corporation is not responsible, but the execution of the work is a ministerial act, and the corporation is responsible that it be done in a safe and skillful manner.

PLEADING.—A party cannot complain of the sustaining of a demurrer to one paragraph of his answer, where he has had the full benefit of the same defense under another paragraph.

SPECIAL FINDING.—PRACTICE.—Where the court trying a cause has, under section 341 of the code, stated the facts found in writing, and the conclusions of law upon them, the party desiring to bring the judgment in review should except to the conclusions of law as stated.

APPEAL from the *Cass* Circuit Court.

ELLIOTT, J.—Suit by *Wright* against the appellant. The complaint avers that on, &c., the city did erect and construct an imperfect and insufficient sewer across *Berkley* street, a street within the limits and jurisdiction of the city, which street had been before that time, to-wit, on, &c., so graded by the city as to require a passage for the water falling on the premises of the plaintiff, to pass under and across the street, to find its ordinary channel and passage; that the plaintiff was the owner of part of lots 1 and 2, and all of lots 6, 7, 9 and 10, in *Wright's* first addition to the town of *Logansport*, lying adjoining *Berkley* street, within the corporate limits of the city, upon which was situated four houses, out-houses and fences of great value, to-wit: of the value of $500, which were so situated east of and adjoining *Berkley* street, that before the erection of the embankments and construction of the sewer, the water falling on the premises of the plaintiff would pass and flow over *Berkley* street and off the premises, but by reason of the construction of the embankment and of the sewer in an imperfect manner, the same was obstructed, washed up

VOL. XXV.—33.

and rendered useless as a sewer, and the lots and tenements were flooded with back water, and the tenements rendered useless for the purposes of rent or occupation, and greatly injured by rot and decay; that the property was of the reasonable rental value of $200 per annum; that the property was subject, in all heavy rains, to such overflow, up to the commencement of this suit; and that the failure to construct a sufficient sewer across *Berkley* street was to the great damage of the plaintiff, to-wit: $1,000. The defendant demurred to the complaint. The demurrer was overruled, and this is assigned for error.

It is urged that the complaint is bad for not setting out the charter of the city, showing its duty in the premises. There is nothing in this objection. It will be presumed, nothing appearing to the contrary, that the city is incorporated under the general law for the incorporation of cities. By that law it is provided that "the common council shall have exclusive power over the streets, highways, alleys and bridges within such city, and to lay out, survey and open new streets and alleys, and straighten, widen and otherwise alter those already laid out, and to make repairs thereto, and to construct and establish sidewalks, crossings, drains and sewers." 1 G. & H., § 59, p. 231.

When a duty is imposed by the provisions of a public statute, it is not necessary to aver that duty; the pleader is only bound to allege the facts which bring the case within the law. Public statutes, and the facts which they recite or state, must be noticed by the courts, without their being stated in pleading. 1 Chitty's Pleadings, 9th Am. Ed., from the 6th London Ed., 215.

When a public body or officer is clothed by statute with power to do an act which concerns the public interest, or the rights of third persons, the execution of the power may be insisted on as a duty, though the statute creating it be only permissive in its terms. *The City of New York* v. *Furze*, 3 Hill 612. It was held in that case that the corporation of the city of *New York* is bound to repair the

sewers, &c., constructed by it, and that if an inhabitant be injured by reason of its neglect in this particular, he may maintain an action against the city for his damages. In *Ross* v. *The City of Madison*, 1 Ind. 281, the court held that municipal corporations are responsible to the same extent and in the same manner as natural persons, for injuries occasioned by the negligence or unskillfulness of their agents in the construction of works for the benefit of the cities under their government.'

An ordinance of a city corporation directing the construction of a work, within the general scope of its powers, is a judicial act, for which the corporation is not responsible; but the prosecution of the work is ministerial in its character, and the corporation must therefore see that it is done in a safe and skillful manner. *The Rochester White Lead Company* v. *The City of Rochester*, 3 Comstock 463. In that case, the corporation of the city of *Rochester*, having power "to cause common sewers, drains, &c., to be made in any part of the city," directed a culvert to be built for the purpose of conducting the water of a natural stream, which had previously been the outlet through which the surface water of a portion of the city had been carried off. A freshet having occurred, the culvert, in consequence of its want of capacity, and the unskillfulness of its construction, failed to discharge the waters, so that they were set back upon the factory of the plaintiffs, and injured their property situated thereon. It was held that the city corporation was liable for the damage. In *The City of Dayton* v. *Pease*, 4 Ohio St. R. 80, the plaintiff had judgment for the damage to his mill, occasioned by the falling of a stone bridge, erected by the city across the canal on one of the streets. In *Lloyd* v. *The City of New York*, 1 Seld. 369, the plaintiff recovered for the value of a horse, whose death was occasioned by the negligence of an officer of the city in leaving open a public sewer, during the night, while undergoing repairs.

The defendant answered in seven paragraphs. The 4th, 5th and 7th were rejected on motion, and, not being made

a part of the record by bill of exceptions, are not properly before us, and cannot be considered. A demurrer was sustained to the 2d, 3d and 6th, and this is assigned for error.

The first paragraph is the general denial. The second alleges that the plaintiff was not, at the time of the commencement of the suit, the owner of the real estate and lots described in his complaint. This amounts to no more than the general denial, and as the defendant had the benefit of that, he cannot complain of the action of the court in sustaining the demurrer to this paragraph. The third avers that since the commencement of the suit the plaintiff has sold and disposed of the real estate and lots described in his complaint. A sale and conveyance of the real estate did not carry with it the right of action set out in the complaint. The 6th paragraph alleges that the injuries complained of did not accrue to the plaintiff within two years next before the commencement of the suit. An action for injuries to property may be brought within six years. 2 G. & H., § 210, clause 3, p. 158.

Trial by the court. At the request of the defendant, under section 341 of the code, 2 G. & H., 207, the court found the facts specially, in writing, and then stated the conclusions of law upon them. The defendant did not except, but moved the court for a new trial, which was overruled, and the defendant excepted to that. The evidence is not in the record. If the defendant desired to prepare his case for a review in this court under section 341, *supra,* the correct practice required him to except to the conclusions of law. *Smith et al.* v. *Jeffries, ante* p. 376; *Addleman* v. *Erwin et al.,* 6 Ind. 494.

The judgment is affirmed, with costs, and one per cent. damages.

*D. D. Pratt* and *D. P. Baldwin,* for appellant.