## BOULDEN *v.* SCIRCLE.

ASSIGNMENT OF ERRORS.—*New Trial.*—Where the overruling of a motion for a new trial is assigned as error, this presents to the Supreme Court all the grounds for a new trial properly set forth in the motion, and said grounds for a new trial need not be specially assigned as errors.

EVIDENCE.—*Contribution.*—*Statute of Frauds.*—A. conveyed certain real estate to B. C. and D., to each an undivided one-third portion thereof, in consideration of the verbal agreement of said grantees to pay a certain indebtedness to E. evidenced by certain commercial paper on which A. was principal and B. surety, but to which C. and D. were not parties. This paper was afterwards renewed by other paper to which B. C. and D., with another, became parties, without A. The latter paper was renewed by a note given by B. and C., against whom judgment was obtained thereon, one-third of which was paid by C. and the remainder by B.

*Held*, in a suit by B. against D. for contribution, that the plaintiff was entitled to prove the consideration of said deed.

*Held*, also, that D. was liable for contribution.

APPEAL from the Clinton Common Pleas.

DOWNEY, J.—This was an action by the appellant against the appellee, for money paid to and for his use. The plaintiff filed a complaint, and afterwards what is styled a supplemental complaint, but which would with more propriety be denominated an amendment to the complaint.

The complaint is general in its terms, and the supplemental complaint narrates the transactions out of which it is claimed the cause of action arises, alleging that James Snowden had executed his promissory note to the Bank of the State, at Indianapolis, for seven hundred dollars; that the plaintiff, and defendant, and one Baker, executed said note with Snowden, as his securities; that about the same time, Snowden, as principal, and said plaintiff and defendant and said Baker as his securities, executed another note to Alfred and John C. S. Harrison, for five hundred dollars; that afterwards said notes were renewed by said parties from time to time; that in the mean time, Snowden becoming unable to pay said notes, and it being apparent that the same would, therefore, have to be paid by said sureties, Snowden, to indemnify

Boulden *v*. Scircle.

them, as far as practicable, with his wife, on the 2d day of September, 1858, executed to Baker and plaintiff and defendant, the sureties as aforesaid, a deed of conveyance for eighty acres of land in Tipton county, which is described in the complaint, subject to a certain mortgage thereon, a copy of which deed is made part of the complaint. That afterwards the note to the Bank of the State was renewed in the names of said sureties only, on which said bank obtained judgment jointly against said sureties, Baker, Scircle, and Boulden, in the circuit court of Clinton county, on the 10th day of April, 1862, for six hundred and five dollars and two cents. That on the 25th day of January, 1860, the plaintiff and Baker lifted and canceled the note held by the Harrisons, by executing to them their two promissory notes of that date, one for three hundred and forty-five dollars, at one year, and the other for three hundred and sixty-four dollars and fifty cents, at two years, which included interest to the maturity of said notes. That on the 12th day of April, 1862, the Harrisons obtained judgment on the notes held by them against Baker and the plaintiff, for the sum of seven hundred and forty dollars and thirty-six cents. That afterwards the defendant paid two hundred and fifteen dollars and fifty-six cents on the judgment in favor of the bank, which was all that he had paid on said claims. That Baker had paid his full share, viz.: one-third of said judgment, interest and costs; and the plaintiff had paid the balance of said judgment in full, to wit, on the judgment in favor of said Harrisons, April 9th, 1863, three hundred and ninety-three dollars and thirty-nine cents, February 19th, 1864, three hundred and thirty dollars; and on the judgment in favor of the Bank of the State, May 7th, 1866, seventy-five dollars, and June 7th, 1866, eighty-eight dollars and twenty cents. That Snowden, ever since the execution of said deed, has been insolvent, and has no property subject to execution. That the plaintiff was compelled by law to pay the amounts aforesaid. That at the time of the execution of said deed of conveyance, it was the express understanding among all parties, that said

sureties should pay off said claims, each sharing alike in the payments, and each receiving one undivided third part of said land. That the interest of said Scircle in said land was, at the date of said deed, and ever since has been, worth six hundred dollars, and amply sufficient to indemnify said defendant. That said several notes were executed without relief from valuation laws, and the judgments rendered accordingly.

After several motions and a demurrer addressed to the supplemental complaint, which were all overruled, the defendant answered, first, a general denial; and second, he admitted the making of the note to the Bank of the State; that it was taken up by the sureties, and their own notes given, and that judgment was obtained by the bank, but alleges the payment of his one-third part thereof. He also admitted the execution of the deed by Snowden to the securities, for the Tipton county lands; but he denied that he ever executed the note, or became liable to the Messrs. Harrison, or to the plaintiff, for their debt, and denies all the other allegations of the complaint.

Trial by jury, verdict for the defendant, motion for a new trial overruled, and judgment on the verdict. The evidence is in the record by a bill of exceptions.

The new trial was asked for the following reasons: first, that the verdict is contrary to the evidence given on the trial; second, it is contrary to law; third, the exclusion of legal evidence offered by the plaintiff, material to establish his right to recover.

The second error assigned is the overruling of the motion for a new trial. The first is a repetition of the third reason for a new trial, and was unnecessary, as the second assignment of error brings before us the rulings of the court in excluding evidence.

The evidence shows that the defendant had paid his share of the debt due the bank, and the controversy seems to have narrowed down to the question whether or not the defendant was liable to the plaintiff for one-third of the amount

Boulden *v.* Scircle.

paid by him in satisfaction of the debt to the Messrs. Harrison.

At the time the deed was made to Boulden, Baker and Scircle, Boulden was the only one of them who was on the paper held by the Harrisons. But at its next renewal after that date, which was on the 25th day of July, 1859, both Scircle and Baker became parties to it, with Boulden and one Scott.

This bill was renewed by a note for three hundred and forty-five dollars, and one for three hundred and sixty-four dollars and fifty cents, drawn by Boulden and Baker, and secured by mortgage on Boulden's real estate; and these are the two notes which were collected by suit by the Messrs. Harrison.

The plaintiff thereupon offered to prove by Snowden and himself, that the sole and only consideration of the deed from Snowden and wife to Boulden, Baker, and Scircle, was their joint agreement to pay his obligation to the Harrisons, represented by the foregoing chain of notes and bills of exchange, and the note to the Bank of the State, which evidence the court refused to allow to go to the jury, and to which ruling the plaintiff excepted. Prior to this, while Snowden was testifying on behalf of the plaintiff, the court ruled out so much of the testimony of this witness as tended to prove that it was agreed as a part of the consideration of the deed, that the vendees were to pay the witness's note to the Harrisons, unless the plaintiff would first prove that the defendant had endorsed or signed that note, or some other note substituted therefor. To this ruling of the court the plaintiff also excepted.

The counsel for the appellee suggests that, as the testimony of the only witness who detailed the history of the Harrison claim in its various renewals, &c., gave his evidence by saying, "that the bank books showed the following state of accounts with James Snowden," &c., the court may have excluded the other testimony offered because this evidence was secondary in its character. It is a sufficient

answer to this position to say that no objection seems to have been made in the common pleas to the character of the evidence.

The court seems to have proceeded upon the theory that, to make the agreement valid under the statute of frauds, on the part of Scircle, to pay any part of the Harrison debt, in consideration of the execution of the deed to him, and Baker and Boulden, by Snowden, then Scircle must, at that time, have been a party to the paper held by the Harrisons. We think this position is not tenable. As we have already stated, Scircle became a party to the paper given in renewal to the Harrisons, next after the date of the deed. If there was anything in the objection that Scircle could not bind himself by parol to pay the debt, or a share of the debt of Snowden, the objection was removed by his becoming a party to the paper in apparent pursuance of the agreement.

The evidence shows that Scircle conveyed away the interest in the Tipton county land for the consideration of five hundred dollars, and that he paid, in discharge of one-third of the bank debt, two hundred and thirty-nine dollars and seven cents, thus leaving in his hands two hundred and sixty dollars and ninety-three cents, which it would seem he had no equitable right to hold upon his theory of the case.

We think the evidence should have gone to the jury.

Judgment reversed; costs to appellant.

*J. N. Sims*, for appellant.

*L. McClurg*, for appellee.