## THE MONTMORENCY GRAVEL ROAD COMPANY *v.* ROCK.

PRACTICE.—*Finding of Facts and Conclusions of Law.—Motion for New Trial. Exception to Conclusions of Law.—Assignment of Error.*—Where a cause

is submitted to the court for trial, and the court is requested by one of the parties to find the facts, and then the conclusions of law upon them, two things are to be done.   1. The court must state the facts, which of necessity involves the finding of the facts.   2. The court must state the conclusions of law upon the facts.

If in finding the facts the court has erred, a motion for a new trial is the proper remedy, and the assignment on appeal of the overruling of such motion presents all questions properly set forth in the motion.   If the court has erred in the conclusions of law, the error is reached by excepting to the conclusions of law and assigning the error on the record on appeal.   A motion for a new trial on the ground of error in the conclusions of law, and the assignment of the overruling of the motion as error will present no question to the Supreme Court.

TURNPIKE.—*Appropriation of Land.* — *Damages.*—In a proceeding to appropriate land for a gravel road, the cost of material for a fence on each side of the road, where it runs through the land of which a portion is condemned, is a proper element of damages.

APPEAL from the Carroll Circuit Court.

DOWNEY, J.—This was a proceeding commenced by the appellant against the appellee to appropriate a portion of his land on which to construct its road, the appellee having refused to relinquish the same, and the parties not having been able to make a contract for the same, according to section 7, 1 G. & H. 475.   The proceeding was commenced before a justice of the peace in Tippecanoe county.   The three jurors summoned before the justice determined that the appellee sustained no damage by reason of the appropriation of the land.   The appellee appealed to the Tippecanoe Civil Circuit Court.   The venue was then changed to the White Circuit Court, and then to the Carroll Circuit Court, where there was a trial by the court, and a special finding, and, notwithstanding a motion for a new trial, a judgment for the appelle for five hundred dollars damages.

The only error assigned in this court is the overruling of the appellant's motion for a new trial.   The reasons for a new trial are the following: first, the court erred in the conclusions of law in allowing the defendant consequential damages, and refusing to charge him with consequential benefits to his lands; second, because the court erred in allowing ex-

cessive damages to the defendant; third, the said findings of fact are contrary to law, and not sustained by sufficient evidence.

No question is presented by the record as to the correctness of the conclusions of law by the court. If such conclusions of law were incorrect, they should have been excepted to by the appellant, and assigned as error. A new trial is a re-examination of the facts. *The City of Logansport* v. *Wright*, 25 Ind. 512.

The amount of the damages awarded does not appear from the evidence to have been excessive. On the contrary, some of the witnesses estimate the amount higher than the finding of the court.

We discover no reason for granting a new trial because the finding is contrary to law, and we think it in accordance with the evidence. The question mainly discussed is that the court improperly included in the estimate of the damages the expense or cost of materials for a fence on each side of the road where it runs through the lands of the appellee, and we are referred to the *Indiana Central Railroad Company* v. *Hunter*, 8 Ind. 74. But in that case the evidence was excluded because the allegations of the complaint were too narrow to allow the evidence to be given. There is no such objection in this case. It seems to us to be a proper element of damages in such a case. *The White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536.

The judgment is affirmed, with ten per cent. damages and costs.

### ON PETITION FOR A REHEARING.

DOWNEY, J.—There is a petition for a rehearing filed in this case, in which counsel show so much confidence in their belief that the court has fallen into an error that we have thought proper to depart from the general rule and present some further views in overruling the petition. To be entirely fair with counsel, we give their positions in the very language of the petition:

"The court declines to consider the correctness of the conclusions of law reported by the court below, because the same had not been excepted to and had not been assigned for error. As we pique ourselves somewhat upon our carefulness in such matters, we hope the court will do us the justice to reconsider this branch of their decision. By reference to the record it will appear that when the conclusions of law were rendered, we excepted separately to each of them. On the same day, *ex abundanti cautela,* we filed a bill of exceptions, setting forth the conclusions of law, and that exception was taken to the same. In our motion for a new trial, we assigned, as the first reason, that the court erred in the conclusions of law. In our brief, filed in this appeal, we expressly call the attention of the court to these passages in the record. We fail to perceive how we could have improved our caution and vigilance.

"We are considerably surprised to learn that we failed to assign these conclusions of law as error. We were under the impression that when we assigned the wrongful overruling of our motion for a new trial, we thereby covered our objections to the conclusions of law. 'A motion for a new trial,' says this court in their decision, 'is a re-examination of the facts.' So it is, and it is also much more. All error, whether of fact or law, which occurs during the trial, is subject to review on a motion for a new trial. This is so at common law, and our statute expressly specifies 'error of law occuring at the trial and excepted to by the party making the application.' The very decision quoted by this court, *The City of Logansport* v. *Wright,* 25 Ind. 512, sustains us in this case. Now if our motion brought under review the erroneous conclusions of law, and the court below, after considering the motion, adhered to its conclusions, does it not bring in issue the correctness of the conclusions when we assign in this court that there was error in overruling our motion? If we have mistaken the scope of our assignment of error in this case, then have we been misled by the present honorable bench which held, in *Boulden* v. *Scircle,*

34 Ind. 60, (if we may trust the syllabus) that 'where the overruling of a motion for a new trial is assigned as error, this presents to the Supreme Court all the grounds for a new trial properly set forth in the motion, and said grounds for a new trial need not be specially assigned as errors.'"

When the trial is by the court, without a jury, under sections 340 and 341 of the civil code, 2 G. & H. 207, it is not necessary for the court to state its findings, except generally for the plaintiff or the defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly. There are, in case the court is requested by one of the parties to find the facts and then the conclusions of law upon them, two things to be done. First, the court must state the facts, which, of necessity, involves the finding of the facts, for they cannot be stated until they have been found; and, second, the court must state the conclusions of law upon the facts. If the court, in discharging the first of these duties, that is, in finding and stating the facts, has erred, a motion for a new trial is the proper remedy of the party against whom the error has been committed. The action of the court in finding and stating the facts is somewhat like the action of a jury in finding and returning a special verdict in which they find the facts and refer the questions of law to the court for its decision. The facts are to be found and stated, before the court proceeds to state its conclusions. The conclusions of law are in the nature of inferences or conclusions from the facts, which form the basis for such conclusions or inferences. The second step in the discharge of its duties, in thus disposing of a case, is not taken until the first has been fully taken and is terminated. If the court has mistaken the law to be applied to the facts, as found, or has come to a wrong conclusion, this is not an error of law committed during the trial in such sense as to make it a reason for a new trial, or re-

examination of the facts of the case.   The facts had already been found and stated, and they are the same after the erroneous conclusions of law have been stated, that they were before.   Warring with the conclusions of law is one thing, while objecting to the finding and statement of the facts, which have preceded the conclusions, is an entirely different thing. One relates to the facts, and the other to the conclusions of law upon the facts.   We stated in the original opinion in the case under consideration, that if the conclusions of law were incorrect, they should have been excepted to by the appellant and assigned as error.   To this, counsel say that they excepted to the conclusions of law, moved for a new trial, and assigned as error the overruling of that motion.   This is not the equivalent of the other.   In *Luirance* v. *Luirance*, 32 Ind. 198, in speaking of this question, the court said: "The proper mode of saving the question in such cases is by a simple exception to the conclusions of law stated by the court, and not by a motion for a new trial."   If the motion for a new trial was not a proper mode of saving the question, it follows, it seems to us, that to assign as error the overruling of the motion for a new trial in this court cannot possibly present the question here.   Counsel suppose that, because error of law occurring at the trial is a reason for a new trial, that means error of law occurring in the conclusions of law after the facts have been found and stated. We do not think so.   If the court should become satisfied that it had erred in its conclusions of law upon the facts found and stated, would it correct that error by a re-examination of the facts, as upon a new trial?   Certainly not.   It would simply correct its conclusions of law upon the facts. It is conceded that a new trial is a re-examination of the facts and incidentally, also, of the questions of law decided by the court during the trial.   But it cannot be conceded that an error of the court in its conclusions of law is an error committed during the trial.   We see nothing in our ruling in this case inconsistent with what was said in *Boulden* v. *Scircle*, referred to by counsel.   If it is true, as stated in *Luirance*

v. *Luirance, supra,* that the proper mode of presenting the question is not by a motion for a new trial, if it is not cause for a new trial, then to assign as error the overruling of the motion for a new trial does not present the question. What we decided in that case, and what we and our predecessors have so often decided, was, that the assigning as error of the overruling the motion for a new trial presents to this court all the grounds for a new trial properly set forth in the motion. Counsel did except to the conclusions of law by the court, but as they did not assign such conclusions of law as error, the question is not before us. See *Cruzan* v. *Smith, post,* p. 288, and cases cited.

The petition is overruled.

*J. A. Stein, S. A. Huff, B. W. Langdon,* and *J. S. Pettit,* for appellant.

*L. B. Sims,* for appellee.