CHARLES STAFFORD & others *vs.* CITY OF PROVIDENCE.

At the trial before a jury of an appeal from the award of appraisers of the value of land taken by the water commissioners of the city of Providence under chap. 640 of the Statutes passed at the January session, 1866, of the general assembly, entitled "An act. for supplying the city of Providence with pure water," *held*, that a witness was properly allowed to testify that he and others who had been appointed to divide an estate had appraised certain land at three times its former value, because its value had been enhanced by the location of a reservoir in its neighborhood.

The water commissioners of the city of Providence determined to make a public improvement, to wit, a reservoir, and took certain land for that purpose, but none belonging to the present complainants. After the location of said improvement they decided to take more land, namely, that of the complainants now in question. *Held*, that the value of complainants' said land was to be estimated as it was at the time it was condemned, and not at the time of the location of the improvement.

PETITION for a determination of the value of the lands of the petitioners, taken by the water commissioners of the city of Providence, under the provisions of chapter 640 of the Statutes. The petition alleged that the petitioners had not agreed with the city or with the water commissioners upon the price to be paid for their lands so taken, and prayed that the same might be determined as provided for by said chapter 640 of the Statutes. In accordance with the statute, appraisers were appointed by the court, who made an award appraising the entire damages to the lands of the petitioners at twelve thousand dollars. Upon the coming in of the report both the petitioners and the city of Providence expressed their dissatisfaction therewith, and demanded a jury trial, which was had at the October Term, 1872, of the Supreme Court for this county, before Mr. Justice *Durfee* and a jury, when, after a verdict rendered in favor of the petitioners for $23,053.32, the city of Providence alleged exceptions and moved for a new trial. The substance of the exceptions is stated in the opinion of the court.

*Bradley & Parkhurst*, for the defendant, in support of the motion. I. Land taken for public use should be appraised at its value, independent of the effect upon it of the proposal to take it for such purposes, and also independent of the effect upon it caused by taking adjacent land for the same purpose. Cooley's Const. Lim. 565; *Giesy* v. *C. W. & Z. R. R. Co.* 4 Ohio State, 308; *Pacific R. R. Co.* v. *Chrystal*, 25 Mo. 544; *Woodfolk* v. *Nashville R. R. Co.* 2 Swan, 422; *Alabama & Florida R. R. Co.*

v. *Burkett*, 42 Ala. 83; *Parks* v. *Boston*, 13 Pick. 198; *Henry* v. *Dubuque R. R. Co.* 2 Iowa, 288; *Troy & Boston R. R. Co.* v. *Lee*, 13 Barb. 169; *Canandaigua & Niagara Falls R. R. Co.* v. *Payne*, 16 Barb. 273; *In re Furman Street*, 17 Wend. 649; *Richmond & Lexington R. R. Co.* v. *Rogers*, 1 Duvall, 135; *Somerville R. R. Co.* v. *Doughty*, 2 Zab. 495; *Isom* v. *Miss. Central R. R. Co.* 36 Miss. 300; *Deaton* v. *County of Polk*, 9 Iowa, 596; *Israel* v. *Jewett*, 29 Iowa, 476; *Sater* v. *Burlington & Mount Pleasant Plank Road*, 1 Iowa, 386; *Penn. R. R. Co.* v. *Heister*, 8 Pa. State, 443; *Weston* v. *Pittsburg R. R. Co.* 39 Pa. State, 478; *Henricton* v. *Atlantic & G. W. R. R. Co.* 51 Pa. State, 90; *Schuylkill Navigation Co.* v. *Thoburn*, 7 S. & R. 415; *Harvey* v. *Lackawanna & Bloomsburg R. R. Co.* 11 Pa. State, 434; *Meacham* v. *Fitchburg R. R. Co.* 4 Cush. 291; *Upton et al.* v. *South Reading Branch R. R. Co.* 8 Cush. 600; *Dwight et al.* v. *County Commissioners of Hampden*, 11 Cush. 201; *Battey, Executor*, v. *Holbrook*, 11 Gray, 212.

II. The evidence of Mr. Bailey, that he and others had appraised land at threefold the former price of same, because in his opinion and that of his co-appraisers the land had been thus enhanced in value in consequence of the location of a water reservoir, other than the one in question in the vicinity of the land so appraised, was inadmissible, because it was *res inter alios acta*, and would oblige parties to try another case in this, and because a single opinion expressed in a private appraisal, of the effect of some other reservoir upon some other land, is not evidence of the general effect of such locations, and because there was no pretence that Mr. Bailey was an expert upon such subjects.

The evidence was material in connection with the admitted fact that the effect of the location of such water-works upon the value of adjoining lands was allowed by the judge to be considered by the jury as a proper element in the assessment of damages, and was, from the nature of the case, the controlling element in the assessment of value; and still further, because the judge stated to the jury that such location enhanced such property as stated by the witness threefold its former value. *Somerville R. R. Co.* v. *Doughty*, 2 Zab. 495.

*James Tillinghast*, for the plaintiff, *contra*. I. The testimony objected to in the exception allowed was entirely relevant and pertinent to the issue.

II. The affidavits do not show any exception taken in the matters there referred to. Those matters are not therefore now before the court for review. But if they were, the ruling complained of was entirely right and eminently just. This farm — the *whole* of which was taken — was not seized till seven months after the reservoir had been located, and nearly fifteen month's after the popular vote to take the supply of water from the Pawtuxet River; and all the cases agree that where the whole land is taken, the owner is entitled to its full fair market value *at the time it is taken*, whatever may have contributed to make up that value, — even although derived in part from the fact that the particular improvement for which it is taken is contemplated. *A fortiori* where, as here, the improvement itself has for months preceded the seizure. Dillon's Munic. Corp. §§ 487, 488; *Vanblaricum* v. *State*, 7 Blackf. 209; *Giesy* v. *C. W. & Z. Railroad Co.* 4 Ohio State, 308; *Whitman* v. *Boston & Maine R. R. Co.* 7 Allen, 313; *Parks* v. *Boston*, 15 Pick. 208, 209; *Somerville & Eastern R. R. Co.* v. *Doughty*, 2 Zab. 503; *Meacham* v. *Fitchburg*, 4 Cush. 299.

POTTER, J. Two exceptions are taken in this case. First. That the evidence of Mr. Bailey that he and others, who had been appointed to divide an estate, had appraised certain land at three times its former value, because its value had been enhanced by the location of a reservoir in its neighborhood, was improperly admitted. The witness was not offered in this case as an expert to give an opinion, but merely to state a fact; and we think it was within the discretion of the judge to admit it.

The second and most important exception is, that the judge was requested to charge, " that its fair market value in cash, at the time it was taken, must be paid to the owner; and the jury in assessing the amount have no right to consider or make use of the fact that it has been increased in value by the proposal or construction of the improvement," but he declined to charge in those words. The first part of the request was substantially charged by the court. We think the latter clause of the request objectionable from its ambiguity and want of precision. In the present case it is to be remarked that the contemplated improvement had been located and actually constructed, or nearly so, before this land was taken, and it seems to be assumed that this

construction has added to the value of the property taken; and the question is, who is to have the benefit of this increase in value. Now if the request is to be considered as meaning that whether a part or the whole of a man's land is taken, the jury are not to consider at all any increased value from proposed improvement, but are to value it as if no such improvement had ever been suggested, then the proposition is too broad and unjust to the land-owner. The market value of land is made up of a great many items, — its productiveness, its pleasantness, its nearness to markets, mills, or even a mill privilege not yet occupied, &c. The expectation or certainty to a reasonable intent that a highway or railroad will be called for by the public interest, and that from the physical conformation of the country it must follow a certain route, adds an appreciable value to the land along the probable route. To take an instance : the knowledge that the western trade must have a route to the Atlantic, that the city of Baltimore would contend for this trade, and that the only practicable route for a canal or railroad to bring that trade to Baltimore, was by the way of the narrow pass at Harper's Ferry, would for years before such an improvement was made add an appreciable value to all the land near that pass, and would be taken into consideration by every one who bought and sold. This may be an extreme case, because there was only one possible route, but it is still a fair illustration of what takes place in a less degree in other localities. In purchasing land in our new states, the fact that before long a railroad must be made, to accommodate the business of particular sections, is taken into consideration by everybody in purchasing.

Says Judge Dillon (Munic. Corp. § 487), the fair value of the property "includes, and justly so, the full value at the time it is taken, no matter what may have caused that value, and although it may have shared with other property in the benefits of the proposed improvement."

Most of the cases which discuss the subject of these benefits, or that increase in value which land taken shares in common with all the land around it, have related to the question whether any such benefit or increased value shared be set off against or deducted from the value of the land taken.

If the request to charge means only that the jury are not to

undertake to speculate on the future, and to calculate the increase of business or value which might accrue to the land taken from the proposed improvement, then it would be unobjectionable; if on the other hand it means that the jury are to exclude all consideration of any increase of value, which owners may have rightfully expected from any agitated or future possible improvement, or from any improvement determined on, then it is objectionable, because it excludes one of those elements which enter into the estimate of value of land everywhere. The jury, while on the one hand they should not attempt to speculate on it, on the other hand should not attempt to fix a value irrespective of such proposed improvement. In other words, if the probability of the making of certain roads or certain improvements has entered into and made a part of the value, and which a purchaser would have paid for it, the jury should not undertake to calculate that portion of the value and exclude it.

Where a part of the land is taken, there is no difficulty as to the rule; and where the whole is taken, we think there ought to be none; but the remarks we have made may aid us in deciding the present case, the peculiarity of which is that a public improvement was determined on and a quantity of land taken, but no land belonging to the present complainants, and sometime afterwards the commissioners of the water-works decided that it was necessary to take more land, viz., the land now in question. The question is, is the value to be estimated at the time of the location of the works, or at the time the land is condemned? Obviously the latter, otherwise this gross injustice would ensue, if the first location had increased the value of the land in the neighborhood, and the then owner sold for this increased value, and the land was subsequently condemned, the purchaser would lose the difference. Upon any principle of justice, the person whose land is taken, whether in whole or in part, should be no worse off than his neighbors whose land is not taken, otherwise he does not receive that just compensation the Constitution provides for.

"The transaction (says Judge Dillon, § 487) is a compulsory purchase, the compulsion, however, coming from the public; and the amount to which the owner is entitled is not simply the value of the property at a forced sale, but such sum as the property is

worth in the market, if persons desiring to purchase were found, who were willing to pay its just and full value and no more." Same rule in *Somerville, &c. R. R. Co.* v. *Doughty,* 2 Zab. 495.

But, says counsel for the city, in effect, we have caused this increase in the value of this land, and we should be entitled to the benefit of it. A man who builds an expensive house on one of a number of city lots thereby adds to the marketable value of all the adjoining lots. But he does not do it at the request of the owners of those lots, or with any special view to benefit them. And if afterwards he should desire to purchase one of those adjoining lots, he could with no justice claim any deduction for the increased value he had given to it. So here the city improvement has probably added to the value of all the neighboring land. It is a necessary consequence of the improvement. Why should the owner of the land now taken be deprived of the benefit which he has received from this increase of value, more than the owners of the other neighboring land? We must therefore conclude that in case of land taken subsequently to the erection of a railroad or improvement, from a person, none of whose land had been taken before, the rule must be the value at the time of taking, of whatever items it might be composed, the same which other persons would give for it in the market; and in no case are we to consider on the one hand the necessity of taking it, nor on the other any attachment to the land or unwillingness to sell, growing out of local or family associations.

*New trial denied.*

After the rendition of the foregoing opinion the case came up again on the respondent's application for a rehearing.

*Bradley & Parkhurst,* for the city of Providence.

*James Tillinghast, contra.*

POTTER, J. This case was tried to a jury and a motion for new trial made and exceptions filed. Only one of the exceptions to the rulings was allowed by the presiding judge. This was allowed with modifications, which (although affidavits were filed) the court did not think the evidence justified them in altering. Subsequently, on affidavits, another exception to a refusal to charge was allowed. On these two points, so allowed, the parties

filed their brief, and fully argued the case. These briefs sufficiently show that at that time there was no misunderstanding as to what the allowances were. The counsel for the city now ask for a rehearing, because they think the facts and their argument were misunderstood; and have filed a written motion.

As to the first point, relating to Bailey's evidence, we see no ground for a rehearing. The brief states fully the point as now made by the counsel for the city, and also refers to the fact alleged by them, that the judge made a certain statement in his charge, as aggravating the effect of the misruling. This latter, however, was not allowed by the judge as correct, nor was it allowed by the court on the affidavits.

In regard to the second point also, the counsel for the city think we misunderstood the facts and their arguments on them. We think not. They requested the judge to charge in the words of the head-note of *Giesy* v. *C. W. & Z. Railroad Co.* 4 Ohio State, 308, that "its fair market value in cash at the time must be paid to the owner; and the jury in assessing the amount have no right to consider or make any use of the fact that it has been increased in value by the proposal or construction of the improvement."

The first clause was charged as requested, and the latter clause declined; and we gave our reasons for thinking that the judge was right in so declining. But the counsel contend that we assumed as a fact that the contemplated improvement had been located and actually constructed and completed, or nearly so, before this land was taken; whereas they say that this land (though subsequently taken) was taken as part and parcel of one continued improvement, viz., the water-works; that the successive takings and condemnations were all parts of one design, and for one purpose, to carry out and complete an unfinished plan, and should be considered as one whole, and that the last taking should have relation back to the first.

The case was argued on this state of facts; that the commissioners of the water-works had located a portion of the work, viz., the reservoir, and had proceeded to construct said reservoir; that after some interval they proceeded to condemn the land of the appellants for another portion of their work.

The affidavits plainly show this: Mr. Parkhurst says in his affidavit that the judge's instruction was that the jury might con-

sider the fair market value of the land at the time of condemnation; and that if the land was increased in value, by the prior taking of the adjacent land, the owners were entitled to that increase. Mr. Bradley says in his affidavit that there was a discussion as to the effect of evidence of the partial location of the water-works prior to the formal condemnation of the land in question; this evidence was objected to, and he says that deeming the instruction of the judge important, he sought the authority of the Ohio case, and asked the judge to charge upon this point in the words of the head-note of that case.

Mr. Corliss, one of the commissioners, says they asked the judge to charge the jury that they should not consider the effect of the prior location of the reservoir or other portions of the work, but the judge declined to do so, and did charge that they might consider the prior taking of land for the reservoir, and that the effect of locating public works was matter of common knowledge. And Mr. Cook, another of the commissioners, says that the instruction was that they must give the fair market value at the time of taking, whether increased or not by the prior location of the reservoir or other portion of the works. And the briefs state the point to be, that land taken for public use should be appraised at its value, independent of the effect upon it of the proposal to take it for such purposes, and also independent of the effect caused by taking other lands for the same purpose. And the appellants' brief stated, and it was so stated on the hearing, that this land was taken some months after the location of the reservoir; and the case was argued on that assumption.

We understood the argument of the counsel for the city on the hearing to be as they now state it, and we intended to decide it as we did. The argument was very ingenious, but we could not consider it sound.

The counsel for the city on the last hearing, when asked by the chief justice whether if these appellants had, after the reservoir was located, sold their land for its actual value, increased as it was by that location, and the city had then taken it, the purchaser could recover the value he had actually given, was obliged to answer, that in his opinion he could not, and that he took it subject to this risk and incumbrance.

It is true that in one place in the former opinion we spoke of

land taken subsequently to the completion of an improvement, but the whole reasoning of the opinion relates to the value of land taken subsequently to the location of or determination to make an improvement.

This was the gist of the request to charge in the words of the Ohio case. In that case a railroad had been located, and a parcel of land was afterwards taken for a depot.

In one portion of the former opinion we said that the jury are not to " exclude all considerations of any increase of value, which owners may have rightfully expected from any agitated or future possible improvement, or from any improvement determined on." And in another place we stated the peculiarity of the present case to be, that " a public improvement was determined on and a quantity of land taken, but no land belonging to the present complainant; and sometime afterwards the commissioners of the water-works decided that it was necessary to take more land, viz., the land now in question." And we have stated the question to be, whether " the value is to be estimated at the time of the location of the works, or at the time the land is condemned." And the rule must be, the market value of the land taken, at the time it was taken, of whatever elements composed ; the value a purchaser would have paid for it, which must have been paid for it if on the same day it had been condemned for any other public use. And this rule we consider applies where there is a series of condemnations all for one purpose, as well as where there is but one taking or condemnation. *Rehearing refused.*

Two days subsequently to the delivery of the foregoing opinion, the counsel for the defendant, *Bradley & Parkhurst*, were again heard on their motion for a further hearing, which was not granted, and judgment was entered on the verdict.

*Execution forthwith.*