Johnson *v.* Bell, Administrator.

Where no exception was noted at the time a decision was made, but the bill of exceptions, filed two days after judgment, states in the present tense, that the party excepts,—*held*, that the exception was taken too late.

Where a bill of exceptions taken and filed after the decision objected to was made, states that the party excepted to the decision at the time it was made, it will be presumed that time was given to reduce the exception to writing, from the fact that the Court afterwards permitted it to be filed; but where neither the bill nor the record shows the exception to have been taken at the time the decision was made, it cannot be presumed that it was so taken, from

May Term,
1858.

JOHNSON
v.
BELL.

Wednesday,
June 2.

the fact that the Court permitted the bill of exceptions to be afterwards filed.

APPEAL from the *Warren* Court of Common Pleas.

*Per Curiam.*—This was a suit brought by the appellee against the appellant on a promissory note, before a justice of the peace, and appealed to the Common Pleas. In the Common Pleas the cause was submitted to the Court for trial on the 8th day of the *October* term, 1855. On the 9th day of the same term, there was a finding by the Court for the plaintiff below. Motion for a new trial made and overruled; no exception noted; and judgment on the finding for 34 dollars, 71 cents.

Afterwards, on the 11th day of said term, the appellant filed his bill of exceptions, setting out the evidence, and stating that, "to the Court overruling the motion for a new trial and rendering a judgment as aforesaid, the defendant excepts," &c. This language is in the present tense. The term "excepts" has reference to the time of filing his bill of exceptions, and not to the time his motion was overruled, which was two days before. *Leyner* v. *The State*, 8 Ind. R. 490.

It is provided by statute that "the party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing," &c. 2 R. S. p. 115, § 343.

Where a bill of exceptions, taken and filed after the decision excepted to was made, states that the party excepted to the decision at the time it was made, we would presume that time was given to reduce the exception to writing, from the fact that the Court afterwards permitted it to be filed. But where, as in this case, neither the bill of exceptions nor the record shows that the party excepted at the time, we cannot presume that he did so except, from the fact that the Court permitted the bill of exceptions to be afterwards filed.

We think the exception was not taken in time, and therefore that there is nothing before us.

The judgment is affirmed with costs.

*R. A. Chandler*, for the appellant.

*J. R. M. Bryant*, for the appellee.

