Coan v. Grimes.

## Coan v. Grimes.

**Sheriff's Sale.** *Misdescription of Premises.—Complaint by Purchaser Against Judgment Defendant, to Recover Bid and Taxes.—Parties.*—In an action by the purchaser of land sold at a sheriff's sale, against the judgment defendant, who was the owner of the land, the complaint alleged, that, at the request and for the use of the defendant, the plaintiff, a stranger to the judgment, had bid, and paid to the sheriff, a certain sum of money, for the land, and also taxes thereon, but that, on account of a misdescription of the land, made by the sheriff in levying on the land and advertising it for sale, the sale was void.

*Held.* on demurrer, that the complaint is sufficient to authorize a recovery of the money so bid and paid.

*Held,* also, that the sheriff was not a necessary party defendant.

**Supreme Court.**—*Misjoinder of Actions.*—The Supreme Court, on appeal, will not reverse a judgment on the ground of a misjoinder of causes of action in the complaint.

**New Trial.**—*Exception.—When Taken.—Practice.*— An exception to the overruling of a motion for a new trial must be taken at the time such ruling is made, and the court can not allow time to take such exception.

**Same.**—*Asking Leave to Withdraw Motion.*—It is not error to refuse leave to withdraw a motion for a new trial, which has been overruled without any exception having been taken, to allow the same to be re-filed.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*T. R. Cobb* and *O. Cobb,* for appellee.

Howk, C. J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, in a complaint of two paragraphs.

In the first paragraph the appellee alleged, in substance, that, on the 3d day of January, 1871, one John Baker obtained a judgment against the appellant for the sum of three hundred and thirty-five dollars and eighty cents, and costs, in the court of common pleas of Knox county, Indiana; that afterward said Baker caused an execution to issue on said judgment, directed to the sheriff of said county, commanding him to satisfy the same out of the appellant's property subject to execution; that, in pursu-.

Coan v. Grimes.

ance of said execution, the said sheriff levied the same on a certain tract of land in said county, belonging to the appellant, particularly described in said paragraph, containing forty acres; that the said sheriff, by mistake, misdescribed said lands in said levy, setting out the erroneous description; that the said sheriff afterward advertised, that he would sell the said land on the 19th day of August, 1871, at the court-house door in said county; that, in the said advertisement, the said sheriff misdescribed the said land, in the same manner as in his said levy; that, on the said 19th day of August, 1871, he offered for sale the said land, by said erroneous description; that the appellee then and there, at the appellant's special instance and request, bid at said sale the sum of four hundred dollars, and the said land was then knocked off to him, the appellee, by said sheriff, by said erroneous description; that the appellee then and there paid to said sheriff, for the appellant's use, said sum of four hundred dollars; that afterward, on the ——— day of ———, 1871, the appellee paid taxes on said land to the amount of seventy dollars; that the said sale was void, on account of the description in said levy and advertisement, and the appellee took no title by his said purchase; that the appellant failed and refused to deliver to the appellee the possession of said land, under said purchase, but still had possession thereof; that the appellant also failed and refused to pay to the appellee said four hundred dollars, the aforesaid purchase-money, or any part thereof, and said seventy dollars taxes, or any part thereof, although often requested so to do; and that both said sums were due and unpaid. Wherefore, etc.

In the second paragraph of his complaint, the appellee alleged, that, on the 10th day of March, 1870, he, the appellee, sold and delivered to the appellant one bay horse, for which the appellant agreed to pay the appellee the sum of one hundred and twenty-five dollars, and that the said sum was justly due and unpaid. Wherefore, etc.

*Coan v. Grimes.*

The appellant demurred to the first paragraph of said complaint, upon the following grounds of objection:

1.   Because it did not state facts sufficient to constitute a cause of action;

2.   Because two distinct causes of action were improperly joined therein; and,

3.   Because there was a defect of parties defendants therein, in this, that the sheriff, who made the levy and alleged sale, should have been a party defendant.

This demurrer was overruled, and to this decision the appellant excepted.

The appellant answered, by a general denial, the first paragraph of the complaint; and, to the second paragraph thereof, he answered in five paragraphs, in substance, as follows:

1.   A general denial;

2.   Payment in full, before the suit was commenced;

3.   The cause of action did not accrue within six years next before the commencement of this suit;

4.   That after the sale of the horse, alleged to have been sold by the appellee to the appellant, there arose between them a difference of opinion as to the nature of the transaction, the appellee alleging and insisting he had sold said horse to the appellant, and the appellant insisting that the horse was a gift to him by the appellee; that then and there, by way of compromise, it was agreed between the parties, that the appellant should pay the appellee the sum of twenty-five dollars, and should deliver to him certain articles of the value of fifty dollars, and should work for him to the amount of ten dollars; and the appellant averred, that he paid said money to the appellee, and delivered said articles to, and did said work for, the appellee, as agreed upon, before the commencement of this suit, and the appellee then and there received the same in full satisfaction of the demand sued for in the second paragraph of this complaint;

5. That the appellant admitted the sale and delivery of the horse to him by the appellee, as alleged in the second paragraph of the complaint; but the appellant averred, that the appellee warranted the said horse to be sound in every particular, and suitable to be used by appellant on his farm; that said horse was not sound in every particular, and was not suitable to be used by the appellant on his farm, but, on the contrary, was unsound, and was not suitable to be used by the appellant on his farm, or for any purpose whatever, and was of no value whatever to the appellant, and that, after the appellant ascertained the unsoundness and unsuitableness of said horse, he returned the said horse to the appellee, who received back and retained the said horse, as he was compelled to do under his said warranty of said horse.

The appellee replied, by a general denial, to the second, third, fourth and fifth paragraphs of said answer; and to said third paragraph he further replied, that the appellant, within the last six years next before the commencement of this suit, paid the appellee a part of the purchase-money of said horse, thereby admitting the indebtedness for said horse.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of five hundred and ninety-two dollars and fifty-five cents.

The appellant's motion for a new trial having been over-ruled, judgment was rendered on the verdict, on the 2d day of March, 1876, being the twenty-second judicial day of the February term, 1876, of the court below.

On the 4th day of March, 1876, being the twenty-fourth day of said term, the appellant moved the court for leave to withdraw his motion for a new trial, for the purpose of re-filing the same to be again passed upon by the court, and of reserving and saving an exception to the decision of the court, if the motion should be overruled, which

motion for leave was overruled by the court, and to this ruling the appellant excepted.

In this court, the first error complained of by the appellant is the decision of the circuit court, in overruling his demurrer to the first paragraph of appellee's complaint.

It is earnestly insisted by the appellant's counsel, that the facts stated in said first paragraph were not sufficient to constitute a cause of action, in favor of the appellee and against the appellant, because it is said that the appellee's bid at the sheriff's sale, and the payment of his bid to the sheriff, were voluntary acts on his part, and because there was no warranty in such sale. We recognize the well settled rule, that there is no warranty in judicial sales. This rule has been approved, and acted upon by this court, in several recent decisions. *Brunner* v. *Brennan,* 49 Ind. 98; *Weakley* v. *Conradt,* 56 Ind. 430; *Neal* v. *Gillaspy,* 56 Ind. 451; and *Weaver* v. *Guyer,* 59 Ind. 195.

But it can not be said, we think, under the averments of the first paragraph of his complaint, that the appellee was a mere volunteer or speculator, in his attempted and intended purchase of the appellant's real estate, at the sheriff's intended sale thereof. In the first paragraph of his complaint, the appellee alleged, that he made his bid of four hundred dollars, at the sheriff's sale, at the special instance and request of the appellant, and paid the money to the sheriff for the appellant's use. If these allegations are true, and, as they are well pleaded, the demurrer admits their truth, they are sufficient, independent of the other averments of the paragraph, to give the appellee a cause of action against the appellant for the recovery of the money paid at his request, and for his use, by the appellee, with interest thereon from the time of such payment. It seems to us, therefore, that no error was committed by the court in overruling the appellant's demurrer to the first paragraph of the complaint, for the alleged want of sufficient facts to constitute a cause of action.

The second ground of demurrer, the alleged misjoinder of two causes of action, presents an immaterial question, in this court; for, in section 52 of the practice act, it is expressly provided, that "No judgment shall ever be reversed for any error committed in sustaining or over-ruling a demurrer for misjoinder of causes of action." 2 R. S. 1876, p. 59.

The third ground of demurrer was not well assigned; for, under the view we have taken of the first paragraph of the complaint, it is very certain, we think, that the sheriff, who made the levy and alleged sale, was neither a necessary nor a proper party defendant. We hold, therefore, that the appellant's demurrer to the first parapraph of the appellee's complaint was properly overruled.

The appellant has assigned, as error, the decision of the court below, in overruling his motion for a new trial. The record shows, that, when this motion was overruled by the court, the appellant failed to except to the decision. The statute on this point is imperative: "The party objecting to the decision must except at the time the decision is made." 2 R. S. 1876, p. 176, sec. 343. The courts have no discretion on this point; they may give time to reduce the exception to writing, but not to make the exception. The error of the circuit court, if it exists, in overruling the motion for a new trial, is not properly saved in the record, and therefore the assignment of this error, in this court, presents no question for our decision.

The appellant earnestly complains of the action of the circuit court in refusing him leave to except to the overruling of his motion for a new trial, two days after the decision was made. It is claimed, that it was within the discretion of the court to grant leave to the appellant to except, after the decision was made, and that the denial of such leave was an abuse of discretion. We think, that the

court had no such discretion. The statute is mandatory; the party objecting must except at the time the decision is made. It would have been an error, if the court had allowed the appellant, over the appellee's objection, to except to the decision two days after it was made.

Nor do we think that the court erred, in overruling the appellant's motion for leave to withdraw his motion for a new trial for the purpose of re-filing the same to be again decided by the court, and of enabling the appellant to except to such decision at the time it was made. This would have enabled the appellant to accomplish, by indirection, what the court could not authorize him to do directly. The court very properly, we think, denied the appellant such leave, for such purpose.

The evidence on the trial is properly in the record, and fully sustains, in our opinion, every material averment of the complaint. It seems to us, therefore, that " the merits of the cause have been fairly tried and determined in the court below," and, in such a case, the statute forbids that we should reverse the judgment. 2 R. S. 1876, p. 246, sec. 580.

We find no error in the record, of which the appellant can complain.

The judgment is affirmed, at the appellant's costs.