Kolle *et al.* *v.* Foltz *et al.*

<hr>

No. 7163.

KOLLE ET AL. *v.* FOLTZ ET AL.

PRACTICE.— *Exception.*— *When Taken.*— *Record.* — Section 343, 2 R. S. 1876, p. 176, imperatively requires an exception to the decision of the court to be taken at the time it is made, although time may be given to reduce the exception to writing; and, where the record entry on appeal shows an exception at one term to a ruling at a former term, no available question is reserved thereby.

From the Vanderburgh Superior Court.

*R. A. Hill*, for appellants.

*C. Denby, D. B. Kumler, F. W. Cook* and *H. V. Bennighof*, for appellees.

Elliott, J.—On the eighteenth day of the January term, 1878, of the Superior Court of Vanderburgh county, a demurrer was sustained to appellants' complaint, and leave to amend was granted. At the next term of said court the following proceedings were had : "Now come the plaintiffs, by Robert A. Hill, their attorney, and withdraws his motion for leave to amend their complaint, and enters his exceptions to the ruling of the court on the demurrer to the complaint heretofore rendered herein." We have copied literally from the record, and, although the entry is a very clumsy one, we think that the exception entered may be fairly said to be that of the appellants, and not of Robert A. Hill, their attorney. The language, if literally interpreted, would mean that the exception was that of the attorney, and not that of the appellants.

It is insisted by appellees that there was no exception taken at the time to the ruling on the demurrer, and that there is, therefore, no question so reserved as to be available upon appeal. The language contained in the extract made from the record, "and enters his exceptions to the ruling of the court, on the demurrer to the complaint heretofore rendered herein," shows, not an exception taken at the time the ruling was made, but an exception to a ruling made at a former term. It is impossible, without violating all rules of construction, to attach any other meaning to the words quoted ; they refer not to the present, but to the past. The code imperatively requires that the exception shall be taken at the time. The 343d section provides that "The party objecting to the decision must except at the time the decision is made." The provisions of the statute upon the subject are unusually

explicit. The exception must be taken "at the time the decision is made ; but time may be given to reduce the exception to writing." There is a very material difference between the act of excepting, and the act of putting the exception in writing. Time may be allowed for the latter, but not for the former. The power given the court is to allow time to put the exception in form, not to grant time for the interposition of the exception itself.

The judgment must be affirmed.

Opinion filed at the November term, 1880.
Petition for a rehearing overruled at the May term, 1881.