American Insurance Company v. Yearick.

No. 7716.

AMERICAN INSURANCE COMPANY v. YEARICK.

PRACTICE.—*Demurrer.*—*Exception.*—An exception to the overruling of a demurrer must be taken at the time of the decision. It is not saved if, at a subsequent term, the party announces that he will abide by the demurrer, and excepts to the ruling made at the prior term.

From the Marshall Circuit Court.

*W. B. Hess,* for appellant.

*A. C. Capron* and *C. Richardson,* for appellee.

WOODS, J.—At the November term, 1877, of the circuit court, a demurrer was sustained to the appellant's complaint. No exception was noted or taken to the ruling at the time when it was made, and no further step taken in the case until the following September term, when the following order-book entry was made: "Come again the parties by counsel, and the plaintiff says he will not amend his complaint, but abides the demurrer, and excepts to the ruling of the court in sustaining the demurrer."

The court thereupon gave judgment for the appellee, from which the plaintiff has appealed, and insists that the ruling upon the demurrer was erroneous. The appellee, however, claims that an exception to the ruling has not been saved; and in this view we are constrained to concur. The rule of the code, R. S. 1881, section 626, is explicit, that an exception to any ruling of the court must be taken "at the time the decision is made;" and, reading sections 343 and 345 together, it is plain that the rule is, in this respect, the same, whether the exception must be saved by a bill of exceptions, or by "causing it to be noted at the end of the decision."

However technical the rule may seem to be as applied to the case in hand, it is nevertheless the rule, and, in its general application, unquestionably salutary; and we can not undertake to create and define exceptions to it.

The judgment is affirmed, with costs.