Dickson *et al. v.* Rose.

No. 9267.

DICKSON ET AL. *v.* ROSE.

PRACTICE.—*Conclusions of Law.—Exception.*—Exception to conclusions of law upon facts specially found must be taken before the taking of any other step in the cause by the excepting party.

SAME.—*Pleading.—Demurrer.— Waiver.*—Error in the sustaining of a demurrer is waived by the filing of an amended pleading instead of the one demurred to.

From the Allen Circuit Court.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellants.
*T. E. Ellison,* for appellee.

WOODS, C. J.—Counsel for the appellee insists that the errors assigned are not available.

The exception to the conclusions of law stated by the court upon the facts specially found was not taken when the conclusions were announced and entered upon the court's docket. The next step taken by the appellants, after the entry of the finding and conclusions of law, was to file a motion for a new trial; and having excepted to the overruling of this motion, they then, in open court, excepted to the conclusions of law.

The code provides explicitly that an exception must be taken "at the time the decision is made;" and when the decision is such as not to require a bill of exceptions, "the exception may be taken by the party causing to be noted at the end of the decision that he excepts." Code 1852, sections 343, 345; R. S. 1881, sections 626, 628.

There was in this case a compliance with neither of these provisions.

In *Jones* v. *Van Patten,* 3 Ind. 107, it was declared to be "a well established general rule that erroneous steps in the progress of a cause are waived, unless excepted to before additional steps are taken;" and under the code it has been often held that in respect to the time when an exception should be taken, the provision quoted above is mandatory. *Hornberger* v. *State,* 5 Ind. 300; *Leyner* v. *State,* 8 Ind. 490; *Jolly* v. *Terre Haute Drawbridge Co.,* 9 Ind. 417; *Johnson* v. *Bell,* 10 Ind. 363; *Coan* v. *Grimes,* 63 Ind. 21; *Blacketer* v. *House,* 67 Ind. 414; *Goodwin* v. *Smith,* 72 Ind. 113 (37 Am. R. 144); *Robinson* v. *Snyder,* 74 Ind. 110; *Backus* v. *Gallentine,* 76 Ind. 367; *Alcorn* v. *Morgan,* 77 Ind. 184; *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110; *American Ins. Co.* v. *Yearick,* 78 Ind. 202.

The assignment that "the court erred in holding that the appellee was not liable as replevin bail, and ought to be released," if specific enough to present any question, is only a

form of objection to the conclusions of law, and not available for the reason already stated.

If there was error in sustaining the demurrer to the third paragraph of answer, the appellants waived their exception by filing an amended third paragraph.

Judgment affirmed.