Helms *v.* Wagner.

Filed June 19, 1885.

◆

No. 11,291.

## HELMS *v.* WAGNER.

PRACTICE.—*Exceptions to Conclusions of Law.*—Where exceptions to conclusions of law upon facts specially found are taken before any other step in the cause by the excepting party, this is sufficient, although preceded by motions by opposite party.

SAME.—By excepting to conclusions of law alone the facts are admitted to have been correctly found.

TAX SALE.—*Charging Wife's Land in Name of Husband.*—Under the tax laws of 1872, and, also, of 1881, the fact that a wife's land is charged on the tax duplicate in the name of the husband, would not invalidate a sale of such land for taxes.

SAME.—*Personal Property.*—A sale of land for taxes, without first exhausting personal property, is invalid.

SAME.—*Interest.*—Under sections 3 and 4 of the amendatory act of March 5th, 1883, a purchaser of land for taxes under the act of December 21st, 1872, where the title proves invalid, is only entitled to a lien for the purchase-money and all subsequent taxes paid by him, with interest thereon at the rate of twenty per centum.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

HOWK, J.—This was a suit by the appellant, Helms, as plaintiff, to quiet her title to certain real estate in Huntington county. The appellee, Wagner, answered the appellant's complaint by a general denial, and, also, filed a cross com-

plaint, wherein he asked that his title to the same real estate might be quieted. Appellant answered the cross complaint by a general denial. The issues joined were tried by the court, and, at the appellee's request, the court made a special finding of facts and stated its conclusions of law thereon, in favor of the appellee. Over the appellant's exceptions to the conclusions of law the court rendered judgment in accordance therewith.

The only error relied upon by the appellant, and presented by the record, is the alleged error of the trial court in its conclusions of law upon the facts specially found. The point is made by appellee's counsel, and insisted upon strenuously, that no question is presented by this alleged error for the decision of this court, because the record fails to show that appellant excepted at the time to the conclusions of law. This point is not well taken. The record shows that when the court made its special finding of facts and stated its conclusions of law thereon, and ordered the same to be recorded, the appellee moved the court for judgment in his favor on his cross complaint, upon the special finding of facts, which motion was overruled; and that appellee then filed his written motion for a new trial. Then the record shows that on the same day, and as the first step taken by appellant, she excepted to the court's conclusions of law. It is claimed on behalf of the appellee that this record does not show that appellant excepted to the court's conclusions of law at the time the decisions were made, because the entry of his motions precedes the entry of her exceptions in the record. Notwithstanding this fact, we think that the record clearly shows that the appellant excepted at the time to the court's conclusions of law. Appellant's exceptions and appellee's motions could not possibly be entered at the same instant of time and on the same lines of the record ; and the mere fact that the entry of his motions precedes the entry of her exceptions in the record, does not show that her exceptions were not taken at

the time the decisions were made. *Dickson* v. *Rose,* 87 Ind. 103.

The facts specially found by the court were, in substance, as follows:

1. On the 20th day of February, 1880, the appellant owned the land described in her complaint, and her husband, William M. Helms, owned thirty acres adjoining the same on the north. Both tracts were listed and entered for taxation in one tract, in the name of said William M. Helms. The forty-eight acre tract of such land was owned by appellant, by deed recorded in the recorder's office of such county, prior to the assessment of such taxes, but was not separately transferred for taxation. On said February 20th, 1880, both of such tracts were charged with $109.06, as delinquent and current taxes, and the said forty-eight acres, so belonging to appellant, were sold by the treasurer of such county for such taxes to the appellee, who bid and paid for the same, on that day, such sum of $109.06.

2. Before such lands were advertised for sale the delinquent taxes thereon were demanded by the deputy county treasurer and tax-collector from the appellant, who failed to pay the same or any part thereof. No demand for property to pay such taxes was ever made of the appellant.

3. The appellant, for two years preceding such sale and at the time thereof, was the owner of personal property, to wit, horses, cattle, household goods, etc., to the value of at least two hundred dollars. No levy on any of such property was ever made to pay such taxes, or any part thereof.

4. The appellant during the times hereinbefore mentioned lived on such lands and had such personal property in her possession thereon.

5. The appellee received a deed from the auditor of such county for such lands on such sale, on the 22d day of February, 1882.

6. The appellee paid $11.69 taxes on such land on the 28th day of February, 1882.

7. On the 4th day of November, 1882, the appellant ten-

dered the appellee $140, in gold coin, in payment of such sums so paid by him, but did not pay the same to the clerk, but tendered it again on the trial of the case.

Upon the foregoing facts the court stated its conclusions of law as follows:

1. Appellee's tax deed for such land, found in finding No. 5 above, is invalid to convey the title to such real estate to him.

2. The sale of such real estate for taxes, as found in finding No. 1 above, was invalid to convey the title to such real estate to the appellee.

3. The appellee has a lien on the appellant's land, described in her complaint, for the amount he paid on such tax sale, found in finding No. 1 above, and for the taxes he has since paid, found in finding No. 6 above, with twenty-five per cent. interest per annum from dates of payment, as in such findings found, until the present, amounting to the sum of $214.50, for which sum he should have judgment, and have the same declared a first lien on such land of the appellant, described in her complaint.

4. The appellee should recover costs in this cause.

In discussing the alleged error of the court in its conclusions of law, appellant's counsel earnestly insist that the county officers were not authorized and had no power under the law to sell her land for the payment of taxes due from her husband upon his real estate. As a legal proposition, this may be conceded to be correct; but we fail to see how it can possibly benefit the appellant in this case. Doubtless, when she acquired her land, she might have caused it to be listed and assessed for taxation in her own name, instead of the name of her husband; but this she did not do. It was not found by the court, and we can not assume, that she was even ignorant of the fact that her land was listed and assessed in her husband's name; indeed, as the appellant presents her case in this court solely upon her exceptions to the conclusions of law, she admits that the facts of her case were fully and cor-

rectly found by the trial court, but says that the court erred in its application of the law to the facts so found in its conclusions of law. *Cruzan* v. *Smith*, 41 Ind. 288; *Robinson* v. *Snyder*, 74 Ind. 110; *Braden* v. *Graves*, 85 Ind. 92; *Fairbanks* v. *Meyers*, 98 Ind. 92.

Upon the facts found by the court we think that the appellant's objection to the tax sale, upon the ground that her land was sold for the payment in part at least of taxes due on her husband's land, can not be made available to her for the reversal of the judgment, in whole or in part. The tax sale was made on February 20th, 1880, at which time the tax law of December 21st, 1872, was in force. Under that law the fact that appellant's land was listed or charged on the tax duplicate in the name of her husband, and not in her own name, would not invalidate the tax sale of such land. In section 230 of that law it was thus provided: " The sale of lands for taxes shall not be invalid on account of .such lands. having been listed or charged on the duplicate in any other name than that of the rightful owner." 1 R. S. 1876, p. 125. This provision was literally re-enacted in the tax law of March 29th, 1881, and is still in force. Section 6489, R. S. 1881. The tax sale and deed of the appellant's land were correctly held to be invalid to convey the title to the land to the appellee, because the court found the facts to be that she owned and had on such land, at and before the time of such sale for taxes, personal property of a value more than sufficient to pay such taxes. The personal property of the owner of land is primarily liable to distress and sale for the payment of all the delinquent taxes of such owner; and until such personal property, if any there be, has been exhausted, there can be no legal or valid sale of such owner's land. This is the settled law of this State on this point. *Abbott* v. *Edgerton*, 53 Ind. 196; *Ward* v. *Montgomery*, 57 Ind. 276; *Smith* v. *Kyler*, 74 Ind. 575; *Woolen* v. *Rockafeller*, 81 Ind. 208; *Pitcher* v. *Dove*, 99 Ind. 175.

We conclude, therefore, that the trial court did not err in

holding in its first and second conclusions of law, that the tax sale and deed of the appellant's land were invalid to convey the title to the land to the appellee.

Appellant's counsel also claim that the trial court erred in its third conclusion of law, in that it allowed the appellee a higher rate of interest on the taxes paid by him than was authorized by the statute. This point is well taken, though not to the extent claimed by the appellant. The record shows that this cause was tried by the circuit court on the 26th day of March, 1883, and taken under advisement; and that, on the 16th day of June, 1883, the court's special finding of facts and conclusions of law were filed and recorded. In its third conclusion of law the court, as we have seen, allowed appellee interest at the rate of twenty-five per cent. per annum. Before the trial of this cause the act of March 5th, 1883, amending certain sections of the tax law of March 29th, 1881, took effect and has since been the law. In the recent case of *Peckham* v. *Millikan*, 99 Ind. 352, the precise question we are now considering was before this court. It was there held, in construing the provisions of sections 3 and 4 of such amendatory act of March 5th, 1883 (Acts 1883, p. 95), as applicable to such case, that a purchaser of land for taxes under the act of December 21st, 1872, where the title proves invalid, is only entitled to a lien for the purchase-money, and all subsequent taxes paid by him, with interest thereon at the rate of twenty per cent. per annum. Upon the authority of the case last cited it must be held in this case, that the trial court erred in allowing the appellee interest at a higher rate than twenty per cent. per annum in its third conclusion of law.

The appellee has assigned as a cross error the overruling of his demurrer to appellant's complaint. The complaint was sufficient. Appellant alleged therein that she owned the land in controversy, and that appellee was asserting title thereto under a tax sale and deed, which, by reason of certain facts stated, were invalid to convey to him the title to the land, and she asked that her title to the land might be quieted. The

·complaint was good as a complaint to quiet title, and the fact that it contained some insufficient averments in relation to an .alleged tender, did not render it bad on appellee's demurrer. These averments may properly be regarded as surplusage, and .surplusage does not vitiate that which is good.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court to restate its third conclusion of law in accordance with this opinion, and render judgment accordingly.

Filed June 20, 1885.