Brown *v.* The Ohio and Mississippi Railway Company.

Filed Dec. 19, 1893.

———————◆———————

No. 16,453.

BROWN *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

EXCEPTION TO DECISION OF COURT.—*Time of Taking.*—*Discretion.*—Section 626, R. S. 1881, requiring a party taking exceptions to a ruling of the court to except at the time the ruling is made, is mandatory,

and the court can not, in its discretion, thereafter permit an exception to be taken to such ruling.

From the Daviess Circuit Court.

*J. W. Burton* and *C. K. Tharp*, for appellant.

*W. M. Ramsey, L. Maxwell, R. Ramsey, W. R. Gardner* and *S. H. Taylor*, for appellee.

DAILEY, J.—The appellant filed a complaint alleging that he was the owner of a hand-car or velocipede, used in traveling on railroads, and that, on January 20, 1891, and long prior thereto, the defendant permitted, granted and gave to plaintiff the right, privilege and license to run said velocipede upon its right of way and railroad track from Loogootee, in Martin county, to Montgomery, in Daviess county, and permitted the plaintiff, and gave him the right, privilege and license to ride and travel, upon said hand-car, between said points and upon said track.

Plaintiff avers that on the 20th of January, 1891, at about 6:35 P. M., when it was very dark, while he was riding upon his hand-car from Cannelsburg to Montgomery, the defendant, through its carelessness in managing a freight train, ran over and injured the plaintiff in his person and property, as therein stated, without any fault or negligence on his part. The negligence alleged consisting in the fact that defendant was running its train at great speed, at a time when it was very dark, without any kind of headlight or any kind of light whatever on its engine and locomotive. By reason of this, the engineer was unable to see ahead of the train, and to see the plaintiff, and failed to give a signal by sounding the whistle or ringing the bell.

A demurrer was sustained to the complaint, and judgment entered thereon for the defendant. Following what purports to be a complete copy of the complaint, in the

transcript, is a copy of the demurrer, as follows: "Defendant demurs to the plaintiff's complaint for the reason that said complaint does not state facts sufficient to constitute a cause of action against it."

After this, appears the following: "Afterwards, on the 19th day of October, 1891, the same being the 13th judicial day of the October term, 1891, of said court, the following further proceedings were had in said cause, to wit: 'Come now again the parties, by their] attorneys, and the court, being fully advised in the premises, sustains defendant's demurrer heretofore filed herein. And leave of court is granted plaintiff to amend his complaint herein.' And afterwards, on the 5th day of November, 1891, the same being the 28th judicial day of the October term, 1891, of said court, the following further proceedings were had in said cause, to wit: 'Come now the parties, by their attorneys, and now leave of court being granted, plaintiff withdraws his leave to amend, and excepts to the ruling of the court in sustaining the defendant's demurrer heretofore filed herein.' And the plaintiff, failing and refusing to plead further, the court now renders judgment on the demurrer. It is therefore considered by the court that plaintiff take nothing by his complaint herein, and that defendant recover of and from the plaintiff its costs and charges in this behalf laid out and expended."

It thus appears that on October 19th, 1891, the demurrer was sustained and no exceptions taken, but leave granted to amend.

On November 5th, seventeen days later, leave to amend was withdrawn, and an exception, for the first time, was taken to the overruling of the demurrer. There was no exception to the rendition of the judgment, and there is no other exception in the record. This exception was

not made at the proper time, and presents no question to this court.

Section 626, R. S. 1881, requires the party objecting to the decision to except "at the time the decision is made."

In *Coan* v. *Grimes*, 63 Ind. 21, the court say, at page 26: "The appellant earnestly complains of the action of the circuit court in refusing him leave to except to the overruling of his motion for a new trial, two days after the decision was made. It is claimed, that it was within the discretion of the court to grant leave to the appellant to except, after the decision was made, and that the denial of such leave was an abuse of discretion. We think that the court had no such discretion. The statute is mandatory; the party objecting must except at the time the decision is made. It would have been an error if the court had allowed the appellant, over the appellee's objection, to except to the decision two days after it was made."

In *American Ins. Co.* v. *Yearick*, 78 Ind. 202, it appeared that at the November term, 1877, of the circuit court, a demurrer was sustained to the appellant's complaint. No exception was noted or taken to the ruling at the time when it was made, and no further step taken in the case until the following September term, when the following order-book entry was made: "Come again the parties by counsel, and the plaintiff says he will not amend his complaint, but abides the demurrer, and excepts to the ruling of the court in sustaining the demurrer."

The point was made that the exception had not been saved, and the court concurred in it, saying: "However technical the rule may seem to be as applied to the case in hand, it is nevertheless the rule, and, in its general

application, unquestionably salutary; and we can not undertake to create and define exceptions to it.''

In Elliott's App. Proced., sections 785, 786, many additional authorities are cited in support of the same doctrine. The conclusion is inevitable that the appellant has saved no question for the consideration of this court.

Judgment affirmed.

