No. 15,701.

## RADABAUGH *v.* SILVERS, ADMINISTRATOR.

DEMURRER.—*Sufficiency of Fact.—Legal Capacity to Sue.*—A demurrer for want of facts sufficient to constitute a cause of action does not raise the question of the legal capacity of the plaintiff to sue, such question being a separate ground of demurrer.

HARMLESS ERROR.—*Demurrer.—General Denial.*—Where a general denial is sufficient, it is harmless error to sustain a demurrer to another paragraph of answer, which amounts only to a general denial.

EXCEPTION TO DECISION OF COURT.—*Time of Taking.*—The party wishing to save exceptions to conclusions of law must except thereto at the time the conclusion is rendered, otherwise the conclusion will not be reviewed on appeal.

SAME.—*When Carried Forward by Motion For New Trial.*—A motion for a new trial, under the proviso in section 626, R. S. 1881, carries forward to the term at which the motion for a new trial is overruled only such exceptions as are properly assignable as a cause for a new trial; and exceptions to conclusions of law are no ground for a motion for a new trial.

NEW TRIAL.—*Practice.—Special Finding.—Motion to Modify.*—The proper remedy for relief against a special finding or special verdict, as being unsupported by, or contrary to, the evidence, is by motion for a new trial, and not by a motion to modify.

SAME.—*Motion for.—Time of Making.*—Where a decision is rendered, and a motion for a new trial is not made at the same term of court, nor on the first day of the succeeding term, but is made on the 30th judicial day of the following term, such motion comes too late, and forms no part of the record.

CONCLUSIONS OF LAW.—*Exceptions to.—Practice.—Motion to Modify.*—The proper remedy as to errors in conclusions of law is by exception to the conclusions, and not by a motion to modify.

From the Wells Circuit Court.

*E. R. Wilson, J. J. Todd, A. L. Sharp* and *C. E. Sturgis*, for appellant.

*A. N. Martin, E. C. Vaughn, L. Mock* and *L. B. Simmons*, for appellee.

McCABE, J.—The appellee, as administrator of the estate of Harvey Radabaugh, sued the appellant to set

aside a conveyance of forty acres of land in Wells county, made by the decedent in his lifetime to appellant, as a fraud upon the creditors of decedent existing at the time of such conveyance, and subject the same to sale to make assets to pay said creditors.

Issue, trial by the court, special finding, and conclusions of law and judgment thereon for the appellee.

The errors assigned are such as call in question the action of the trial court in overruling a demurrer to the complaint and sustaining a demurrer to the second paragraph of answer, overruling motions for a *venire de novo* and for a new trial, and the conclusions of law.

The first objection pointed out to the complaint is that it does not show any authority in the plaintiff, as administrator, to sue. This objection is unavailable because the only ground of objection stated in the demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

The second ground for which a demurrer is authorized by the statute is that "the plaintiff has no legal capacity to sue." R. S. 1881, section 339.

No such ground was taken in the demurrer. A demurrer for want of facts sufficient to constitute a cause of action does not raise the question of the legal capacity of the plaintiff to sue. *Story* v. *O'Dea*, 23 Ind. 326; *Musselman* v. *Kent*, 33 Ind. 452; *Clough* v. *Thomas*, 53 Ind. 24; *Leedy* v. *Nash*, 67 Ind. 311.

The only other objection to the complaint is that it fails to state what debts had been filed and allowed, or that any of them were valid claims against the estate. The complaint states that the claims filed and allowed against the estate amounted to $550.27, and the claims filed and pending against said estate amounted to $250, and that the personal estate only amounted to $14.10.

The complaint was sufficient. The first paragraph of

Radabaugh *v.* Silvers, Administrator.

appellant's answer was the general denial; the second stated that decedent owed no debts at the time of his death.

There was no available error in sustaining the demurrer, because the paragraph amounted only to a general denial, and one general denial still remaining in the record was as potent in the protection of appellant's rights as two or a half dozen would have been.

It is next contended by appellant that the court erred in its conclusions of law upon the special finding. Appellee insists that such alleged error is unavailable because there was no exception to the conclusions of law.

The cause was tried at the December term of the court below, for 1889, and was taken under advisement until the next term. At the February term, 1890, the court, at the request of appellant, made at the latter term, returned a special finding of the facts, and stated its conclusions of law arising thereon, and filed the same on the 26th judicial day of the said February term of said court, for 1890, the same being the 25th day of March, 1890. No exceptions to the conclusions of law were taken at that time. At that term appellant, four days later, filed a paper, in which he excepts to each of the conclusions of law. The statute requires that ''The party objecting to the decision must except at the time the decision is made.'' R. S. 1881, section 626.

It also provides that ''Where the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing it to be noted at the end of the decision that he excepts.'' R. S. 1881, section 628.

The same question here involved came before this court in *Hull* v. *Louth, Guar.*, 109 Ind. 315, wherein this court, at page 333, said: ''The special finding of facts and conclusions of law thereon were announced,

and filed, on the 31st day of December, 1883.    No exception was taken to the conclusions of law on that day. Nothing further was done in the case until the 3d day of January, 1884.    Of the proceedings in the case, on that day, there is this entry:    'Come the parties, appearing as heretofore, and the plaintiff (appellant) now excepts to the special finding of the court, and the conclusions of law therein contained, and heretofore filed,' etc.    It is settled by the decisions of this court, that in order to save any question for review here, in a case like this, an exception to the conclusions of law must be taken at the time the decision is made."    Citing *Smith* v. *McKean, Admr.*, 99 Ind. 101; *Kolle* v. *Foltz*, 74 Ind. 54; *Johnson* v. *Bell, Admr.*, 10 Ind. 363; *Dickson* v. *Rose*, 87 Ind. 103; *Coan* v. *Grimes*, 63 Ind. 21; *Dickson* v. *Lambert*, 98 Ind. 487; *Cincinnati, etc., R. R. Co.* v. *Leviston*, 97 Ind. 488.

The only difference between the case quoted from and the case at bar is that, in that case, the exception was not taken to the conclusions of law until three days after the conclusions of law were filed, and, here, it was four days. · If appellant could take such exception four days after the conclusions were filed, he could do so in forty days thereafter.    Such a ruling would practically nullify the statute quoted above.    To the same effect are *Matsinger* v. *Fort*, 118 Ind. 107; *Midland R. W. Co.* v. *Dickason*, 130 Ind. 164, and *Brown* v. *Ohio, etc., R. W. Co.*, 135 Ind. 537.

But the appellant contends that the bill of exceptions shows that his exceptions were taken at the very time the conclusions of law were filed.    It does so state.    But it is contended that such statement has not become a legitimate part of the record for the following reasons:    As already stated, the trial took place at the December term, 1889; the cause was taken under advisement until the next term, which was the February term, 1890.    At that

term the special finding and conclusions of law were filed, and appellant filed motions to modify the special finding and conclusions of law, some of which were taken under advisement until the next term, which was the May term, 1890. At the latter term, appellant's motions to modify were overruled, whereupon he filed motions for judgment in his favor on the special finding, for a new trial, and for a *venire de novo*, all of which motions were overruled, and he excepted. The exception to the conclusions of law was filed at the former term, and no time was either asked or given at either the prior December term or the prior February term, in which to file a bill of exceptions. Though, after the judgment was rendered, at the May term, the court granted appellant twenty days' time in which to file bills of exceptions.

The statute, as above quoted, after requiring the exception to be taken at the time the decision is made, provides that "Time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." R. S. 1881, section 626, *supra*.

As before observed, no leave of any kind was given at the February term, whereat the decision objected to took place, to file a bill of exceptions at any subsequent time as to said decision, namely, the conclusions of law.

A motion for a new trial, under the proviso in section 626, *supra*, carries forward to the term at which the motion for a new trial is overruled, only such exceptions as are properly assignable as a cause for a new trial. *Bement* v. *May*, 135 Ind. 664.

Exceptions to the conclusions of law, or error in the conclusions of law arising upon a special finding, are not grounds for a motion for a new trial. *Smith* v. *Davidson*, 45 Ind. 396; *Peden's Admr.* v. *King*, 30 Ind. 181;

*City of Logansport* v. *Wright,* 25 Ind. 512; *Roberts* v. *Smith,* 34 Ind. 550.

Therefore, though the motion for a new trial was not filed and acted on until the May term, when time was given to file a bill of exceptions, it was too late at that term to file a bill of exceptions bringing into the record an exception to the conclusions of law, filed at the preceding February term.

We, therefore, find it quite unnecessary to examine and decide the numerous questions agitated in briefs of counsel touching the validity of the proceedings instituted in the court below, by which, on the motion of appellee, the bill of exceptions was amended since this appeal, which amendment comes here in response to a writ of *certiorari,* whereby the statement in the bill that the exception to the conclusions of law was taken at the time was stricken out, and instead thereof was inserted the statement that the exception was taken four days thereafter. We, therefore, hold that no question as to the conclusions of law is presented by the record.

The motion to modify the finding of facts is a queer procedure. It proceeds upon the idea that the finding is not in accord with the evidence, asking some of the facts found to be struck out, because not proven by the evidence, and other findings to be added because proven by the evidence. There is no evidence before us, as we shall hereinafter see, to prove to us that the complaint against the facts found is true, if even that were the appropriate remedy. But it has been so often decided by this court that the proper remedy for relief against a special finding or verdict as being unsupported by, or contrary to, the evidence, is a motion for new trial, that a citation of the cases is scarcely necessary. *Deeter* v. *Sellers,* 102 Ind. 458; *Bartley* v. *Phillips,* 114 Ind. 189; *Hamilton* v. *Byram,* 122 Ind. 283; *Sharp* v. *Malia,* 124

Ind. 407; *Montmorency Gravel Road Co.* v. *Rock*, 41 Ind. 263; *Robinson* v. *Snyder*, 74 Ind. 110; *Dodge* v. *Pope*, 93 Ind. 480; *Crawford* v. *Powell*, 101 Ind. 421.

There was no error in overruling the motion to modify. The next question for our consideration and decision is whether the court erred in overruling the motion for a new trial. As already observed, the decision, called in question by the motion, was made at the February term, and not on the last day of that term. And the motion for a new trial was not filed till the May term following.

The statute, 1881, section 561, requires the application for a new trial to "be made at * * the term at which the verdict or decision is rendered, and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned."

The motion was not even made on the first day of the next term, but was made on the thirtieth judicial day of said next term.

It is contended by appellant that, as the appellee made no objection to the filing of the motion for a new trial and no objection to the court's action thereon, he is presumed to have consented to it, and cites *Trentman* v. *Swartzell*, 85 Ind. 443, in support of that contention.

That case lends no support to the position assumed. On the first day of the next term after the decision in that case, the party against whom such decision had been made moved for and obtained an order extending the time for filing a motion for a new trial. No exception was taken to this order, and though erroneous, the error was deemed waived by failure to except, and the motion filed next day pursuant to the order could not be disregarded, because the order had authorized it. It may admit of

serious doubt whether this decision is in harmony with subsequent decisions of this court, hereafter to be noticed.

Appellant also relies on *Geiss* v. *Franklin Ins. Co.*, 123 Ind. 172. That case lends still less support to his contention. After the motion for a new trial had been granted in that case, without any exception or objection thereto of any kind, the objection was raised for the first time in this court, that the right to move for a new trial had been waived by previously moving for judgment, notwithstanding the general verdict. It is there said: "We are not required to determine the effect of the first motion upon the right of the defendant to move for a new trial, inasmuch as there does not appear to have been any objection at the time to the motion for a new trial."

In *American White Bronze Co.* v. *Clark*, 123 Ind. 230, at page 232, it was held that the action of the trial court, in striking out such a motion filed, like the one here, at the next term, was correct where there had been affidavits, pro and con, on the issue raised by the claim and denial thereof, that the attorney of the successful party had agreed that the motion might be filed at such subsequent term. The learned justice (MITCHELL, J.) delivering the opinion remarked, "that it was exceedingly doubtful whether an attorney would have authority to bind his client by such an agreement, unless it was entered upon the minutes of the court, * * in conformity with the provisions of the statute." If that be true, the failure of the attorney to say anything while the unauthorized acts of the opposite party are going on without any sanction of the court, there is no ground for saying the appellee waived anything. The court, instead of lending its sanction to those acts, did all it could well do to disapprove them by overruling the motion, unless it can be said it was the duty of the court, with-

out any motion for that purpose, to reject or strike out the motion. That such a motion comes too late, and can not be considered when filed at the next term after the decision is made, when the decision is not made on the last day of the term, is affirmed in the following cases: *McNiel* v. *Farneman, Treas.*, 37 Ind. 203; *Trustees, etc.*, v. *Reynolds*, 61 Ind. 104; *Harvey* v. *Fink*, 111 Ind. 249. It is insisted that appellant had a valid excuse for his failure to file his motion for a new trial at the February term, and that is, that the trial court did not act on his motions to modify the special findings and conclusions of law until the May term; that he filed the motion for a new trial at the first opportunity after said motions to modify had been overruled, and that the statute must be construed to mean that the motion for a new trial, though ordinarily must be filed at the time at which the decision is rendered, yet where such motions as those to modify are pending, they must be disposed of first, so their refusal can be assigned as a ground for a new trial. But it is sufficient answer to this to say that such rulings are not grounds for a new trial.

We, therefore, hold that the motion for a new trial was filed too late, is not a part of the record, and no question is presented by it for our consideration and decision. There was no error in overruling the motion to modify the conclusions of law. We know of no rule of practice authorizing such a motion. It is about as much out of place as a demurrer to a demurrer, or a motion to strike out a motion to strike out. The appropriate remedy is by excepting to the conclusions of law, and not by a motion to modify. Otherwise the statute could be practically nullified, which requires the exception to such conclusions to be taken at the time. *City of Logansport* v. *Wright, supra; Peden's Admr.* v. *King, supra; Luirance* v. *Luirance,* 32 Ind. 198; *Board, etc.,* v. *Newman,*

35 Ind. 10; *Cruzan* v. *Smith,* 41 Ind. 288; *Rose* v. *Duncan,* 43 Ind. 512. Not a single reason, good, bad, or indifferent, is stated, in the appellant's brief, why the court erred in overruling the motion for a *venire de novo,* nor is any authority cited in support of that assignment of error. It is, therefore, deemed waived. We find no available error in the record.

The judgment is affirmed.

DAILEY, J., took no part in the decision of this case.
Filed Dec. 12, 1893.