Tecumseh Facing Mills *v.* Sweet, Dempster & Company et al.

[No. 3,233. Filed October 3, 1900.]

SALES.—*Rejection of Goods.—Possession by Vendee.—Pleading.*—In an action for goods sold and delivered defendant filed a special answer or counterclaim alleging that the goods were sold by sample and that under the agreement defendant had the right to reject inferior goods furnished; that inferior goods were delivered and defendant promptly rejected the faulty goods, notified plaintiff

Tecumseh Facing Mills *v.* Sweet, Dempster & Co.

thereof and asked instructions as to what disposition should be made of the inferior goods, and that plaintiff refused to receive back the goods so rejected or to substitute acceptable goods therefor. *Held*, that the facts pleaded do not bring the case within the rule that when goods are kept by the vendee in his possession the presumption arises that the goods were of the kind bought and satisfied the contract of sale, and that the answer was good as against a demurrer for want of facts. *pp. 285, 286.*

APPEAL AND ERROR.—*Exceptions.*—The action of the court in overruling a motion for a new trial will not be considered on appeal, where it is not shown that any exception was taken to the ruling on the motion at the time it was made, but that an exception was taken on the following day and a motion for a *nunc pro tunc* entry made and overruled, and no error assigned on such ruling. *p. 286.*

From the LaPorte Superior Court. *Affirmed.*

*J. F. Gallaher,* for appellant.

*M. T. Krueger, C. R. Collins* and *J. B. Collins,* for appellees.

ROBINSON, C. J.—Appellant sued appellee for a balance due for goods sold and delivered. Answers in denial, payment and special answer or counterclaim. Errors are assigned upon the overruling of the demurrer to the special answer or counterclaim, and overruling the motion for a new trial.

The special answer or counterclaim is good against a demurrer for want of facts. The pleading contains some surplusage, but we think it sufficient. It proceeds upon the theory that the contract, under which the goods mentioned in the complaint were furnished, was not complied with by appellant to appellee's damage in a specified manner. The goods were sold by sample and appellee had the right to reject inferior goods furnished. It is argued that the pleading fails to show a rejection of any of the goods; but the pleading alleges that it was agreed that appellee might reject any faulty or inferior goods, not pay for them, and hold them subject to appellant's order; that inferior goods were delivered; that appellee promptly informed ap-

pellant that appellee had rejected the inferior and faulty goods, and demanded of appellant to instruct appellee what disposition appellant desired to be made of the rejected goods, and that appellant failed and refused to receive back such worthless goods so rejected or to substitute acceptable goods therefor. The pleading shows what the agreement was with reference to rejected goods and that appellee acted in accordance with the agreement. The facts pleaded do not bring the case within the rule that when goods are accepted or kept by the vendee in his possession, the presumption arises that the goods were of the kind bought, and satisfied the contract of sale.

The record shows that the motion for a new trial was overruled on the 19th day of the April term. No exception was taken to the ruling at the time. A record entry shows that on the following day an exception was taken to the ruling on the motion for a new trial. It also appears by a bill of exceptions that on the following day appellant moved for a *nunc pro tunc* entry showing that its exception to the motion for a new trial was taken on the 19th day of the term. This motion was submitted upon affidavits and counter-affidavits, and was overruled. No error has been assigned upon this ruling, and no question is presented.

As the record comes here it is not shown that any exception was taken to the ruling on the motion for a new trial at the time the ruling was made. Appellant has not complied with that provision of the statute that "The party objecting to the decision must except at the time the decision is made; * * *." §638 Burns 1894; Ewbank's Manual §24. In the case at bar the rule may seem technical, but there is no good reason for making an exception to the rule, which, in its general application, is a salutary one. See *Coan v. Grimes,* 63 Ind. 21; *Hull v. Louth,* 109 Ind. 315, 333; *Brown v. Ohio, etc., R. Co.,* 135 Ind. 587; *Radabaugh v. Silvers,* 135 Ind. 605.

Judgment affirmed.