## BENNETT *v.* WEST ET AL.

[No. 6,656.   Filed May 12, 1909.   Rehearing denied October 15, 1909.]

1. TRIAL.—*Special Findings.—Conclusions of Law.—Exceptions.— Time for Taking.*—Exceptions to the conclusions of law must be taken at the time the special findings are filed, and before any other steps are taken; and it makes no difference if another motion is pending at the time, the provision of the code (§656 Burns 1908, §626 R. S. 1881) as to the time of taking such exception being mandatory.   p. 399.

2. TRIAL.—*Special Findings.—Motions for Additional.*—Motions for additional special findings are not authorized, the want of a finding being construed as a finding against the party having the burden of proof upon the omitted facts.   p. 400.

3. TRIAL.—*Special Findings.—Venire de Novo.—New Trial.*—Where special findings are not so defective that a judgment cannot be rendered thereon, a motion for a *venire de novo* should be overruled, a motion for a new trial being the proper remedy.   p. 400.

4. NEW TRIAL.—*Motion for.—Time for Filing.*—A motion for a new trial should ordinarily be filed at the term during which the decision is rendered (§587 Burns 1908, §561 R. S. 1881).   p. 400.

5. TRIAL.—*Special Findings.—Motions for Judgment Upon.*—A motion for a judgment upon the special findings presents no question.   p. 401.

6. INJUNCTION.—*Highways.—Closing of.—Evidence.*—A suit to enjoin the use of an alleged private right of way must fail where the proof shows the way to be public.   p. 401.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Suit by William Z. Bennett against J. Henry West and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Frank B. Posey,* for appellant.
*Thomas W. Lindsey,* for appellees.

Roby, J.—Suit by appellant to enjoin appellees from closing up an alleged roadway. A demurrer was sustained to the first paragraph of complaint, and answers in general denial were filed to the second and third paragraphs. Special findings were made and conclusions of law stated thereon. The court filed its findings and conclusions of law on March 11, 1907, and while they were being read appellant moved to dismiss the case. He withdrew this motion March 18, and filed exceptions to the conclusions of law and also a motion to make the special findings more specific. This motion was overruled March 30 (last day of the March term), to which ruling the appellant excepted. He then filed a motion for a *venire de novo.* This motion was overruled May 20 (first day of the May term), to which ruling the appellant excepted. He then filed a motion for a new trial. Appellees made a motion to strike the motion for a new trial from the files, for the reason that it was not filed within the time allowed by the statute. This motion was sustained. Appellant excepted and filed a motion for judgment on the special findings. This was overruled, and on motion of the appellees judgment was rendered, in accordance with the conclusions of law, in their favor.

The exception to the conclusions of law upon the facts specially found came too late. Such exception must be taken at the time the finding of the court is filed.

1. *Barner* v. *Bayless* (1893), 134 Ind. 600; *Helms* v. *Wagner* (1885), 102 Ind. 385, 386; *Hull* v. *Louth* (1887), 109 Ind. 315, 333, 58 Am. Rep. 405; *Smith* v. *McKean* (1885), 99 Ind. 101.

It has been stated that exceptions to conclusions of law

must be taken before the excepting party makes any other step. *Dickson* v. *Rose* (1882), 87 Ind. 103; *Helms* v. *Wagner, supra*. This does not impliedly authorize any delay in taking the exception. In *Hull* v. *Louth, supra*, the special findings and the conclusions of law thereon were announced December 31, and an attempt to take the exceptions on January 3. The fact that the motion to dismiss was pending cannot affect the rule. The pendency of such motion did not prevent an exception. It has frequently been held that, in respect to the time when an exception should be taken, the provision of the code (§656 Burns 1908, §626 R. S. 1881) is mandatory. *Dickson* v. *Rose, supra*.

No error was committed in overruling appellant's motions for additional findings and for a *venire de novo*. The failure to state the existence of a fact is equivalent to a finding against the party upon whom the burden of proof rests. *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327; *Pittsburgh, etc., R. Co.* v. *Burton* (1894), 139 Ind. 357, 364.

Motions to make additional findings are not recognized by the Indiana code. *Leedy* v. *Capital Nat. Bank* (1905), 35 Ind. App. 247; *Allen* v. *Hollingshead* (1900), 155 Ind. 178; *Windfall, etc., Oil Co.* v. *Terwilliger* (1899), 152 Ind. 364; *Sharp* v. *Malia* (1890), 124 Ind. 407. The findings are not so defective that a judgment cannot be rendered thereon. The proper remedy is by a motion for a new trial. *Maxwell* v. *Wright* (1903), 160 Ind. 515; *Deeter* v. *Sellers* (1885), 102 Ind. 458, 460; *Graham* v. *State, ex rel.* (1879), 66 Ind. 386, 394; *Citizens Bank* v. *Bolen* (1889), 121 Ind. 301, 304.

The motion for a new trial was not filed until the term after the decision was rendered. It was properly overruled. §587 Burns 1908, §561 R. S. 1881; *Radabaugh* v. *Silvers* (1893), 135 Ind. 605, 611; *McIntosh* v. *Zaring* (1898), 150 Ind. 301. The court did not

err in overruling appellant's motion for judgment on the special findings. Such motion presents no question. *Cruzan* v. *Smith* (1872), 41 Ind. 288; *Smith* v. *Davidson* (1873), 45 Ind. 396.

This case was tried upon the theory that the way sought to be closed was a private right of way. The facts stated in the findings show it to be a public highway. *Gillespie* v. *Duling* (1908), 41 Ind. App. 217; *McClaskey* v. *McDaniel* (1906), 37 Ind. App. 59; *Louisville, etc., R. Co.* v. *Etzler* (1892), 3 Ind. App. 562; *Pitser* v. *McCreery* (1909), 172 Ind. 663.

Judgment affirmed.