## Andis v. Smith.

[No. 7,284.    Filed June 27, 1911.]

1. TRIAL.—*Conclusions of Law.—Exceptions.—Time of Taking.— Appeal.—Statutes.*—Section 656 Burns 1908, §626 R. S. 1881, providing that "the party objecting to the decision must except at the time the decision is made," is mandatory, and exceptions taken twenty-one days after conclusions are announced present no question on appeal. p. 163.

2. TRIAL.—*Conclusions of Law.—Amendments.—Exceptions.*—The trial judge, at any time while the action is *in fieri*, may recall and amend the special findings and conclusions of law, and the defeated party may at such time except to such conclusions, whether exceptions had originally been taken or not. p. 165.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Suit by Morgan Andis against Emanuel Smith. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*McCullough & Welborn*, for appellant.

*Robert Williamson, Charles H. Cook* and *W. W. Cook*, for appellee.

ADAMS, J.—This suit was by appellant against appellee, to quiet title to certain real estate in Hancock county. By

request of the parties, made at the proper time, the court made and filed a special finding of facts, established by the evidence in said cause, and stated conclusions of law thereon.

The record before us shows that the evidence was heard on April 14, 1908, and the cause continued for argument of counsel until April 27, 1908. The next entry appearing is as follows: "And afterwards, to wit, on June 6, 1908, being the thirty-sixth judicial day of the April term, 1908, of said court, before the same Honorable Judge, the following further proceedings were had in the cause of Morgan Andis v. Emanuel Smith, No. 11,071: Come the parties and their attorneys aforesaid, and thereupon the court makes and files a special finding of facts and conclusions of law herein, in the words and figures following, to wit: [Here follow the finding of facts and conclusions of law.]" The next entry appearing in the record is as follows: "And afterwards, to wit, on June 27, 1908, being the fifty-fourth judicial day of the April term, 1908, of said court, before the same Honorable Judge, the following further proceedings were had in the cause of Morgan Andis v. Emanuel Smith, No. 11,071: Come the parties herein by their counsel, and thereupon the plaintiff excepts to each of said conclusions of law separately and severally, and also excepts to all of said conclusions of law."

The error relied on by appellant for reversal is that "the court erred in its conclusions of law numbered one and two, and in each of them, stated on his special finding of facts."

It will be observed that the trial court made and filed its finding of facts and conclusions of law on June 6, 1908, and appellant did not except to the conclusions of law until June 27, 1908. Appellee therefore insists that the record does not present any question for the determination of this court on appeal.

Section 656 Burns 1908, §626 R. S. 1881, provides that "the party objecting to the decision must except at the

time the decision is made." This statute has been held to be mandatory. *Johnson* v. *Bell* (1858), 10 Ind. 363; *Coan* v. *Grimes* (1878), 63 Ind. 21; *Kolle* v. *Foltz* (1881), 74 Ind. 54; *Dickson* v. *Rose* (1882), 87 Ind. 103; *Brown* v. *Ohio, etc., R. Co.* (1893), 135 Ind. 587; *Tecumseh Facing Mills* v. *Sweet, Dempster & Co.* (1900), 25 Ind. App. 284.

It is also settled by the decisions of the Supreme Court and this court, that, in order to present any question for review on appeal, an exception to the conclusions of law must be taken at the time the decision is made. Ewbank's Manual §24; Elliott, App. Proc. §793; *Smith* v. *McKean* (1885), 99 Ind. 101; *Helms* v. *Wagner* (1885), 102 Ind. 385; *Hull* v. *Louth* (1887), 109 Ind. 315, 333, 58 Am. Rep. 405; *Matsinger* v. *Fort* (1889), 118 Ind. 107; *Midland R. Co.* v. *Dickason* (1892), 130 Ind. 164; *Barner* v. *Bayless* (1893), 134 Ind. 600; *Radabaugh* v. *Silvers* (1893), 135 Ind. 605, 607; *Medical College, etc.,* v. *Commingore* (1895), 140 Ind. 296, 297; *Winstandley* v. *Breyfogle* (1897), 148 Ind. 618; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237; *Cooney* v. *American, etc., Ins. Co.* (1903), 161 Ind. 193; *Repp* v. *Lesher* (1901), 27 Ind. App. 360.

In the case last cited, the conclusions of law were announced sixteen days before the exception was noted, and this was held to present no question. In the case of *Chicago, etc., R. Co.* v. *State, ex rel., supra,* six days intervened between the filing of the finding and conclusions and the taking of the exception. This was held to present no question. In the case of *Medical College, etc.,* v. *Commingore, supra,* five days after the announcement of the conclusions of law, the exception was taken and held to present no question. In the case of *Radabaugh* v. *Silvers, supra,* the exception was taken four days after the filing of the conclusions of law, and was held to present no question.

Appellant insists that the rule governing the time of taking exceptions to conclusions of law has been modified

by the later decisions; that the early holdings estab-
2. lished the principle, that the filing of the findings
of the court was equivalent to the return of a special
verdict of a jury, and that after such findings and conclu-
sions thereon had been signed and filed, the court had no
further control over them. It is true that the later de-
cisions have changed the rule, and it is now the settled law
that the court can recall and amend the findings at the in-
stance of either party, or upon its own motion, at any time
while the action remains *in fieri*. *Thompson* v. *Connecticut
Mut. Life Ins. Co.* (1894), 139 Ind. 325, 355; *Royse* v.
*Bourne* (1897), 149 Ind. 187; *Jones* v. *Mayne* (1900), 154
Ind. 400; *Marion Mfg. Co.* v. *Harding* (1900), 155 Ind.
648; *Apple* v. *Smith* (1901), 26 Ind. App. 659.

There can be no doubt about the correctness of the rule
stated in the foregoing cases, but we fail to see wherein the
latter doctrine enlarges the right of a litigant in a case
such as that presented by the record before us. Had the
trial court in this case recalled its findings and conclusions,
and made any change therein, after they had been signed
and filed, appellant would clearly have been entitled to
have his exceptions entered at the time of making such
change, whether he had excepted to the conclusions as orig-
inally filed or not. But that question is not before us.
We are not here dealing with a case where any change was
made in the facts found or in the conclusions of law after
they were signed and filed, but with a case where the court's
findings and conclusions were announced, and sixteen days
later exceptions were taken to the conclusions of law. That
this was too late, is abundantly shown by an unbroken line
of decisions, as well as by the plain wording of the statute.

No available error being shown by the record, the judg-
ment is affirmed.